WILLIE WILSON et al., Respondents, v LUFTHANSA GERMAN AIR-
LINES et al., Appellants, et al., Defendants.

Second Department, May 20, 1985

APPEARANCES OF COUNSEL

*Krakower, Samanowitz & Goldman* (*Ronald A. Samanowitz*
and *Anthony A. Santangelo* of counsel), for appellant.

*Peter D. Kolbrener* (*Calvin L. Weintraub* of counsel), for re-
spondents.

OPINION OF THE COURT

WEINSTEIN, J.

Plaintiff Willie Wilson was injured in an accident at John F.
Kennedy International Airport on October 15, 1982. At the time
of the accident, he was employed as a field supervisor for Ogden
Food Service, Inc. He and his wife thereafter commenced this
action against defendant Lufthansa German Airlines (hereinaf-
ter Lufthansa) and several of its employees alleging, *inter alia,*
that Lufthansa was negligent in the ownership, operation,
maintenance, control, security and repair of a certain DC-10 jet,

thereby causing his injuries. A derivative cause of action was asserted on behalf of the wife. Subsequent to the joinder of issue, plaintiff served a verified bill of particulars as well as a notice for discovery and inspection, a demand for production of insurance agreements and a demand for witnesses' names. Among the specific materials sought by plaintiffs were accident reports, all work and repair orders concerning the jet involved in the accident, and the names and addresses of those individuals working on the subject aircraft.

In view of the defendants' failure to respond to the aforesaid discovery requests, plaintiffs moved for an order striking their answer or, in the alternative, directing compliance with those requests. Lufthansa opposed the motion on the ground that the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (reprinted under 28 USC § 1781, hereinafter the Hague Evidence Convention), which was ratified by the United States in 1972 and by the Federal Republic of Germany in 1979 (23 UST 2555, TIAS No. 7444), requires that discovery requests directed at foreign corporations comply with convention procedures and that any letter of request for discovery shall be in the language of the authority requested to execute it. In reply thereto, plaintiffs noted that Lufthansa's attorneys accepted their requests for disclosure without objection, even though they were written in English, and, further, made no request to provide any translation thereof. Nor did Lufthansa make the proper application for a protective order.

By order dated July 20, 1984, Special Term granted plaintiffs' motion to the extent of directing the defendants to comply with the discovery requests within 20 days from service of a copy of that order upon them. While recognizing that as a treaty of the United States, the Hague Evidence Convention supersedes any inconsistent provisions of State law, Special Term also noted that the Federal Republic of Germany has declined the supervision of document discovery under its adoption of the Hague Evidence Convention. Consequently, it reasoned that plaintiffs could look only to the laws of this State for aid in discovery. After considering principles of international comity, Special Term concluded that compliance with plaintiffs' discovery requests would not in any way violate German law or impinge upon the sovereignty of that Nation.

In the event that discovery concerning a foreign party from a country which is a signatory of the Hague Evidence Convention is conducted through the procedures of the convention rather than through State or Federal rules of civil procedure, a chaotic

situation emanating from a lack of mutuality of obligation to provide evidence may ensue (Newman & Burrows, International Litigation, NYLJ, Apr. 23, 1985, p 1, col 1). Notwithstanding the absence of conclusive authority as to the degree of exclusivity to be accorded the Hague Evidence Convention, the aforementioned situation clearly does not constitute the result desired by the United States in joining the ranks of signatory Nations. This is reflected in the following excerpt from the opinion of the United States District Court for the Northern District of Illinois in *Graco v Kremlin, Inc.* (101 FRD 503, 519-520): "It cannot be denied that foreign displeasure with American discovery procedures played some part in shaping the convention, but it is a mistake, the court believes, to view the Convention as an international agreement to protect foreign nationals from American discovery when they are parties properly before American courts."

While Hague Evidence Convention article 23 allows a contracting State to refuse to execute letters of request issued to obtain pretrial discovery of documents, "it does not give foreign authorities the significant prerogative of determining how much discovery may be taken from their nationals who are litigants before American courts" (*In re Anschuetz & Co.,* 754 F2d 602, 612). The United States Court of Appeals for the Fifth Circuit, in what appears to be the most current ruling on the degree of exclusivity to be accorded the Hague Evidence Convention, has provided the following guidelines:

"Unlike the Hague Service Convention, which expressly provides that it is exclusive, the Hague Evidence Convention contains no express provision for exclusivity. In addition, extraterritorial discovery has been a standard practice of American courts for some time, and there is no evidence that the American negotiators, the Department of State, or the Congress intended to prohibit the practice. In fact, the Senate Report emphasized that the Convention was intended to improve, not thwart, the means for securing evidence abroad.

" [The Convention] makes no major changes in United States procedure and requires no major changes in United States legislation or rules. On the other front, it will give the United States courts and litigants abroad enormous aid by providing an international agreement for the taking of testimony, the absence of which has created barriers to our courts and litigants' " (*In re Anschuetz & Co., supra,* at p 615, quoting from Amram, Explanatory Report on the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, reprinted in

message from the President transmitting said convention, Sen Exec A, 92d Cong, 2d Sess, 1, 5).

Thus, while the Hague Evidence Convention applies to the involuntary deposition of a party conducted in a foreign country and to the production of documents or other evidence gathered from persons or entities in a foreign country over whom there is no in personam jurisdiction, it has no application whatsoever to the production of evidence in this country by a party subject to our jurisdiction (*In re Anschuetz & Co., supra*).

The issue involved in the instant case has previously been passed upon by the United States District Court for the Southern District of New York in *International Socy. for Krishna Consciousness v Lee* (__ FRD __ [Sept. 11, 1984]). Lufthansa was also a defendant in that case and it there moved for a protective order with regard to the plaintiffs' notice for production of certain documents. Lufthansa maintained that the Hague Evidence Convention required that the plaintiffs seek compliance with their discovery requests solely by means of convention procedures. As per Lufthansa's analysis, this applied to all forms of discovery — document production, interrogatories, depositions and all information requested of it — irrespective of whether the information could be obtained within the United States or was obtainable only in the Federal Republic of Germany. In that case, just as in the one presently before us, most of the requested documents appeared to relate to local matters emanating from the use of Lufthansa's terminal space at the New York airports.

The District Court's reasoning in the *International Socy. for Krishna Consciousness* case (*supra*) leads ineluctably to the conclusion that the Hague Evidence Convention does not affect the discovery of information in the United States and that, with respect to information available only in foreign countries, its application is discretionary. In that case, resort to the convention for document and interrogatory discovery was not required (*supra*, p __).

In view of these guiding principles, we conclude that resort to the procedures outlined in the Hague Evidence Convention is not mandated in the instant case. The accident underlying the instant action occurred at a New York airport. Lufthansa maintains local headquarters within the New York area, is an entity subject to the jurisdiction of New York courts and is amenable to the judicial compulsion of the courts of this State. The documents sought by plaintiffs, which include accident reports, work orders, insurance records and names and addresses of witnesses

and individuals working on the subject aircraft, are more likely to be located in New York, as opposed to the West German, corporate offices of Lufthansa. To require plaintiffs to involve the West German judiciary in a matter of this nature via the invocation of the Hague Evidence Convention would unduly complicate the litigation. Such a requirement would, at most, constitute an exercise in futility inasmuch as the Federal Republic of Germany has specifically declared its intent, pursuant to article 23 of the convention, not to execute letters of request issued to obtain pretrial discovery of documents (*see,* Hague Evidence Convention, n 5 [B] [5]). Moreover, the convention machinery is quite costly and cumbersome even in situations where the foreign government has agreed to cooperate (*see, Pain v United Technologies Corp.,* 637 F2d 775, 788-789, *cert denied* 454 US 1128). The information demanded here does not impinge upon German sovereignty inasmuch as it merely involves documents as opposed to a personal appearance or inspection (*see, Cooper Indus. v British Aerospace,* 102 FRD 918, 920).

We note that our holding is in no way offensive to principles of international comity. To hold otherwise under these circumstances would be to set a precedent armed with the potential to severely hamper and virtually stymie the parties' ability to obtain discovery in international litigation.

Accordingly, the order should be affirmed insofar as appealed from, with costs, and Lufthansa's time to comply with plaintiffs' disclosure requests should be extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry.

TITONE, J. P., MANGANO and KUNZEMAN, JJ., concur.

Order of the Supreme Court, Queens County, dated July 20, 1984, affirmed insofar as appealed from, with costs. The time within which defendant Lufthansa German Airlines is to comply with plaintiffs' disclosure requests is extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry.