OPINION OF THE COURT
David O. Boehm, J.
Whether discovery against a defendant, West German cor *104 poration, should proceed in accordance with the procedures of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (opened for signature, Mar. 18, 1970, 23 UST 2555, TIAS No. 7444 [hereinafter Hague Convention or Convention]) or New York’s Civil Practice Law and Rules, raises an issue of first impression, given the recent interpretation of the Convention by the United States Supreme Court in Societe National Industrielle Aerospatiale v United States Dist. Ct. (482 US 522, 107 S Ct 2542).
Plaintiff commenced this action to recover for personal injuries she sustained after receiving a hair permanent from defendant, Linda Condon, a hairdresser at the beauty salon of defendant, C.J. Betteridge, Ltd., on January 6, 1986. The permanent solution was manufactured by defendant, Goldwell GmbH, a corporation organized under the laws of the Federal Republic of Germany (West Germany) and marketed in this country and State by defendants, Goldwell International and Goldwell of New York, respectively.
On January 29, 1988 plaintiff served interrogatories, which included a demand for documents, upon Goldwell GmbH by service upon its American consul pursuant to the CPLR. After receipt of the interrogatories Goldwell GmbH brought this motion for a protective order to require plaintiff to employ the procedures of the Hague Convention. In addition, Goldwell GmbH also seeks a protective order prohibiting the other litigants in this action from disclosure of confidential proprietary information to third parties.
Plaintiff cross-moves to compel Goldwell GmbH to answer the interrogatories and satisfy the document requests, and to strike the first affirmative defense of Goldwell GmbH, which asserts lack of personal jurisdiction. The motion of Goldwell GmbH seeking resort to Hague Convention procedures is also opposed by defendant, Goldwell of New York.
Recently, in Societe Nationale Industrielle Aerospatiale v United States Dist. Ct. (482 US 522, 107 S Ct 2542, supra), the Supreme Court decided the question of the interplay between the Hague Convention and the Federal Rules of Civil Procedure, and concluded that the Convention was intended to establish an optional mechanism to facilitate the taking of evidence abroad (supra, 482 US, at —, 107 S Ct, at 2553). In so holding, the court rejected the argument that the Convention provides exclusive and mandatory procedures for obtaining documents and information located within the territory of a *105 foreign signatory to the treaty (supra, 482 US, at —, 107 S Ct, at 2548, 2550-2551), and also rejected the contention that first resort to Convention procedures is required whenever discovery is sought from a foreign litigant (supra, 482 US, at —, 107 S Ct, at 2550-2551, 2554-2555). "[T]he Convention was intended as a permissive supplement”, the court held, "not a preemptive replacement, for other means of obtaining evidence located abroad” (supra, 482 US, at —, 107 S Ct, at 2551), and was to be employed at the election of the trial court whenever it would facilitate the gathering of evidence (supra, 482 US, at —, 107 S Ct, at 2554).
In rejecting the argument that international comity required first resort to Convention procedures, the court stated that each case should be evaluated as to "the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective” (supra, 482 US, at —, 107 S Ct, at 2556) and, in supervising pretrial disclosure, courts should seek to minimize costs and inconvenience, and prevent improper uses of discovery requests (supra, 482 US, at —, 107 S Ct, at 2557). Regrettably, the court declined to set forth specific rules to guide such exercise of judicial discretion.
Prior to the Supreme Court’s decision in Aerospatiale (supra), two reported cases in this State considered the applicability of the Hague Convention. In Wilson v Lufthansa German Airlines (108 AD2d 393), where plaintiff was injured at John F. Kennedy International Airport, allegedly due to the negligence of defendant, Lufthansa, the court held that resort to Hague Convention procedures was not required, principally because the documents and information sought were probably located in New York where the accident occurred. In Green v Kautex Machs. (112 AD2d 21), where plaintiff sought to depose West German witnesses, the court held that the applicability of the Convention need not be considered because, inter alia, plaintiff did not seek to depose witnesses in Germany.
In this case, however, it is uncertain whether the information sought to be disclosed is located in the United States or West Germany. The attorney for Goldwell GmbH states that the documents requested are located in West Germany, and that the Goldwell GmbH officials who will respond to the interrogatories reside in West Germany. However, plaintiff is of the view that, due to the extensive marketing efforts by Goldwell GmbH in this country, many of the documents may be located in the United States. Given this uncertainty, combined with the fact that the discovery seeks information *106 regarding the manufacturing processes and marketing operations of Goldwell GmbH, it will be assumed that the evidence sought by the interrogatories is located in West Germany.
The first argument advanced by Goldwell GmbH is that the Aerospatiale decision is not controlling because that case dealt with the interaction of two Federal laws, whereas here, since State law only is involved, the Supremacy Clause of the United States Constitution (art VI, cl 2) causes the CPLR to be preempted by the Hague Convention.
Although State law must yield when it is inconsistent with the provisions of a treaty (United States v Pink, 315 US 203, 231), the CPLR is not inconsistent with the Hague Convention. As the Supreme Court pointed out in Aerospatiale (supra), the Convention was intended to establish an optional mechanism to facilitate the taking of evidence abroad. The preemption argument of Goldwell GmbH would require that the Convention procedures provide the exclusive, rather than an optional, method to obtain evidence abroad, a conclusion expressly rejected by the Supreme Court.
The same argument was also recently rejected by a Texas Court of Appeals, which stated: "Realtor is advocating an untenable position, asserting that a Federal treaty is binding on respondent, but that the Supreme Court’s interpretation of that treaty is not binding. In construing a treaty, however, this Court is duty bound to follow Supreme Court precedent. Federal supremacy in treaty-making would be ill-served by state courts following a different tack than the United States Supreme Court in the interpretation of a treaty” (Sandsend Fin. Consultants v Wood, 743 SW2d 364, 366 [Tex]).
Alternatively, Goldwell GmbH argues that plaintiff should be required to follow Convention procedures in the interests of international comity.
Before such an analysis is begun, however, it must be determined which party bears the burden of proof. The majority opinion in Aerospatiale (supra) is not entirely clear on this issue, and there is a split of authority in two subsequent Federal District Court opinions (compare, In re Benton Graphics v Uddeholm Corp., 118 FRD 386, with Hudson v Pfauter GmbH & Co., 117 FRD 33, 38).
This court is persuaded that the burden should be upon the party seeking to impose the Convention procedures. Such conclusion is suggested in Aerospatiale, where the court observed that a foreign litigant should have a "full and fair *107 opportunity to demonstrate appropriate reasons for employing Convention procedures” (supra, 482 US, at —, 107 S Ct, at 2557). Inferentially, in the absence of such appropriate reasons, Convention procedures would not be used.
Placing the burden upon the party seeking Convention procedures is also consistent with the policy expressed in Aerospatiale (supra) that parties to a lawsuit, as a matter of fairness, should be required to resort to the same discovery procedures, and that foreign companies voluntarily marketing their products in the United States should be subject to the same judicial burdens as their domestic counterparts (supra, 482 US, at —, n 25, 107 S Ct, at 2553, n 25; In re Benton Graphics v Uddeholm Corp., 118 FRD 386, supra).
In this court’s view, therefore, Goldwell GmbH has the burden of showing that resort to the Convention is required, given the particular facts of this case, the sovereign interests involved, and the effectiveness of such procedures. However, Goldwell GmbH’s papers do not support that burden.
For example, the only objections to the interrogatories raised are conclusory statements contained in an attorney’s affidavit to the effect that the information sought regarding chemical composition of the permanent solution "includes confidential proprietary information”, and that the quality control documents sought "may well be voluminous and burdensome.” No affidavit is submitted by any corporate official to support such conclusions. In addition, Goldwell GmbH has not identified any special problem in responding to the interrogatories because of its nationality, nor has it made any attempt to relate the particular facts of this case to the discovery sought (see, In re Benton Graphics v Uddeholm Corp., 118 FRD 386, 390-391, supra).
Interrogatories and document requests are, according to Aerospatiale, "staples of international commercial litigation, no less than of other suits,” which normally should not be subordinated to Hague Convention procedures (supra, 482 US, at —, 107 S Ct, at 2553). The 29 interrogatories here do not appear overbroad or burdensome, nor does Goldwell GmbH even claim that they are.
Goldwell GmbH also fails to show how the discovery sought by plaintiff implicates any specific sovereign interest of West Germany. Its attorney merely sets forth generally that West Germany is a civil law country where the gathering of evidence is a judicial function, and that pursuing discovery *108 without resort to the Convention, "may be deemed an affront to judicial sovereignty.” It is highly questionable whether an American attorney’s affidavit alone unsupported by an affidavit from one far more familiar with West Germany’s legal system is sufficient to advance the argument that a particular discovery device, employed against a manufacturer of consumer products, would violate the judicial sovereignty of a foreign nation.
Lastly, as to the likelihood that resort to the Hague Convention procedures will prove effective, Goldwell GmbH’s attorney speculates that article 9 of the Convention, which commits West Germany to make a good-faith effort to implement a legitimate discovery request, together with the cooperative attitude of West German authorities, "points to the likelihood of West Germany’s compliance with a discovery request made pursuant to the * * * Convention.”
Such general statements fail to give any indication of how effective Convention procedures may be in this case. In any event, such statements are of dubious value, given that they are presented by a party’s attorney without any showing of knowledge or experience as to how letters of request under the Convention are handled in West Germany.
Furthermore, it is doubtful that plaintiff would be able to obtain the documents she seeks, even if she did comply with the Convention. West Germany has declared, pursuant to article 23 of the Convention, that it will not execute letters of request for pretrial production of documents. Although new regulations permitting "pretrial production of specified and relevant documents” in response to letters of request have been drafted (Societe Nationale Industrielle Aerospatiale v United States Dist. Ct., 482 US, at —, n 22, 107 S Ct, at 2566, n 22 [Blackmun, J., concurring in part and dissenting in part], supra), there is no indication that these draft regulations have been adopted or implemented.
For the foregoing reasons, Goldwell GmbH has clearly failed to meet its burden of requiring the plaintiff in this case to undergo the time-consuming and expensive procedures of the Hague Convention (see, Haynes v Kleinwefers, 119 FRD 335, 338). Accordingly, the motion by Goldwell GmbH to compel plaintiff to employ Convention procedures is denied, and plaintiff’s cross motion to compel Goldwell GmbH to answer her interrogatories is granted. Goldwell GmbH is given 30 days following service of the order to respond to the interrogatories.
*109 The application of Goldwell GmbH for a protective order prohibiting disclosure of confidential proprietary information to third parties is denied. An attorney’s affidavit alone is insufficient to substantiate the existence of trade secrets (see, Curtis v Complete Foam Insulation Corp., 116 AD2d 907).
Lastly, since no opposition was raised either by affidavit or at oral argument, plaintiffs cross motion to strike the first affirmative defense of Goldwell GmbH is granted.