■ In the Matter of the Estate of CORRADO AGUSTA, Deceased.—Order, Surrogate's Court, New York County (Marie M. Lambert, S.), entered March 14, 1990, which directed Riccardo Agusta to submit to a deposition in New York, unanimously reversed, on the law, and petitioner's motion for such relief is denied with costs.

This proceeding relates to the Estate of Corrado Agusta, an Italian citizen, who died June 14, 1989 in Switzerland, where he was domiciled. In his will, decedent left all his assets to his only child, Riccardo Agusta, an Italian citizen who resides in the Principality of Monaco. Petitioner Francesca Agusta, the estranged wife of the decedent and Riccardo's stepmother, was specifically disinherited by decedent's will.

On July 28, 1989, Francesca filed a petition in the Surrogate's Court requesting the appointment of a temporary administrator pursuant to SCPA 901, claiming decedent owned property in New York which needed to be protected. Francesca thereafter moved for an order compelling Riccardo's deposition in New York. Riccardo opposed the motion on the ground he was neither a party to the proceeding nor a domiciliary or resident of New York or the United States, and could not be compelled to testify unless ordered by a competent court of Monaco. The Surrogate granted the motion, and ordered Riccardo to appear for deposition in New York.

The order should be reversed. In *Orlich v Helm Bros.* (160 AD2d 135, 143), this Court held that "[w]hen discovery is sought from a nonparty in a foreign jurisdiction, application of the Hague Convention [23 UST 2555, TIAS No. 7444], which encompasses principles of international comity, is virtually compulsory." This Court explained in *Orlich* that "[s]ince fact

gathering is a judicially controlled process in civil law Nations * * * the nonjudicial taking of evidence located within their territory is regarded as an affront to their sovereignty. Such an exercise would be particularly offensive where, as here, the entity being subjected to court-ordered fact gathering * * * is not even a party to the litigation" (160 AD2d, *supra*, at 144).

The Principality of Monaco is a civil law Nation, and a signatory of the Hague Convention. We accordingly conclude that the order compelling Riccardo to testify at a deposition in New York constituted an improper assertion of power beyond the Surrogate's Court's jurisdiction. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.