OPINION OF THE COURT
Edward J. Greenfield, J.
Garnishee and nonparty witness Bank Leumi moves for an *640 order granting renewal of a prior motion and, upon renewal, vacating and/or modifying a subpoena duces tecum and notice to take its deposition to the extent that they demand information regarding assets of the defendant judgment debtor, Henry A. Roth (Roth) located at branches of Bank Leumi outside the United States. The order to show cause dated February 26, 1991 seeking the foregoing relief stayed enforcement of this court’s prior discovery order.
Plaintiff Intercontinental Credit Corp. (ICC) seeks to enforce a judgment of more than $19 million against Roth. The judgment was recently affirmed by the Appellate Division, First Department, which also denied Roth’s motion for leave to appeal to the Court of Appeals.
In its prior motion to vacate the subpoena and notice of deposition, Bank Leumi argued that this court lacked jurisdiction to order the New York office of Bank Leumi to disclose depositors’ assets held in branches located in Israel. In addition, the bank contended that disclosure of Roth’s bank assets located in Israel would violate Israeli secrecy laws and subject the bank to civil, criminal and regulatory penalties, and that even a disclosure order issued by a New York court would not constitute a defense under Israeli law. When it became apparent that the government of Israel had a potential interest in the enforcement of secrecy laws, this court applied to the Israeli government for a statement of interest. After nearly five months, this court had received nothing from the Israeli government and concluded from the lack of response that the State of Israel did not have a strong public policy interest in the enforcement of its secrecy laws. On December 4, 1990, this court issued a decision directing Bank Leumi to comply with demands for information regarding Roth’s accounts located at Bank Leumi branches in Israel (see, 152 Misc 2d 751).
While pursuing its remedies in New York, ICC has also attempted to enforce its judgment in Israel. ICC obtained a temporary receivership order from an Israeli court relating to certain real estate owned by Roth. However, the Supreme Court of Israel recently vacated the receivership order on the ground that a "nonfinal” New York judgment cannot be enforced in Israel. It appears that Israel, under the doctrine of comity, will enforce ICC’s New York judgment when and if Roth’s appeals are exhausted. ICC, however, maintains that Roth will be able to prolong his appeals for many more months and seeks more immediate relief from this court.
*641 Bank Leumi’s basis for renewal is a letter dated February 14, 1991 from Mr. Hertzberg, general counsel to the Bank of Israel, issued in response to Bank Leumi’s request for an opinion regarding the applicability of Israeli bank secrecy laws. The Bank of Israel, which acts as a regulatory supervisor of banks in that country, takes the position that the disclosure sought herein would violate Israeli law and that a disclosure order of this court would not constitute a defense against criminal or civil sanctions in Israel. Mr. Hertzberg cites several statutes as well as English common law (apparently dating back to the pre-1947 British Palestine mandate). In response, ICC presents an affidavit from Michael Caspi, an Israeli attorney, who takes a contrary position. Mr. Caspi points out, for example, that the 1981 Protection of Privacy Law provides criminal sanctions only in cases of willful or malicious violations and maintains that a party acting under compulsion of foreign law cannot be said to have acted willfully or maliciously. Even if voluntary disclosure by Bank Leumi would constitute a violation of Israeli law, this court is not convinced that disclosure under compulsion of a New York court would constitute such a violation. For example, Tournier v National Provincial & Union Bank (1 KB 461 [1924]) provided an exception to bank privacy where disclosure is under "compulsion of law.” Mr. Hertzberg claims that "compulsion of law” relates only to orders of an Israeli court but has not presented a single case in which a bank was prosecuted in Israel for disclosing depositor information pursuant to an order of a foreign court.
In light of the foregoing, this court finds no reason to change its view regarding the applicability of Israeli secrecy laws. However, this court is compelled to reexamine its prior holding in light of Matter of Agosta (171 AD2d 595 [1st Dept]), which held that "when discovery is sought from a nonparty in a foreign jurisdiction, application of the Hague Convention * * * which encompasses principles of international comity, is virtually compulsory.” In Orlich v Helm Bros. (160 AD2d 135, 144), the Court said: "Since fact gathering is a judicially controlled process in civil law Nations * * * the nonjudicial taking of evidence located within their territory is regarded as an affront to their sovereignty. Such an exercise would be particularly offensive where, as here, the entity being subjected to the court-ordered fact gathering * * * is not even a party to the litigation.”
ICC acknowledges that relief is available under the Hague *642 Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (23 UST 2555, TIAS No. 7444) and that the Securities and Exchange Commission, for example, recently obtained extraterritorial disclosure under the Hague Convention, in aid of a securities investigation. It may be, as ICC complains, that disclosure under the Hague Convention is a long process. However, this court is bound by Agusta (supra) and Orlich (supra) and must reverse its prior order.
Accordingly, the motion for renewal is granted and upon renewal, the subpoena and notice to take deposition are hereby vacated insofar as they seek disclosure regarding Roth’s bank accounts located in either Israel or elsewhere outside the United States.