■ ERBACH FINANCE CORPORATION, Plaintiff, v ROYAL BANK OF CANADA et al., Defendants and Third-Party Plaintiffs-Respondents. BANQUE PARIBAS, Third-Party Defendant-Appellant. [605 NYS2d 52] —Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about July 2, 1993, which, inter alia, granted third-party plaintiffs' motion to lift the CPLR 3214 (b) stay pending Banque Paribas' motion to dismiss the amended third-party complaint, and compelled Banque Paribas ("Paribas") to produce documents allegedly located in France without requiring use of the Hague Convention procedures, unanimously affirmed, with costs.

Paribas has failed to sustain its burden of demonstrating that defendants and third-party plaintiffs must resort to the procedures outlined in the Hague Convention for discovery purposes (see, Haynes v Kleinwefers, 119 FRD 335, 337, citing Société Nationale Industrielle Aérospatiale v United States Dist. Ct., 482 US 522). The facts establish that: Paribas expressly agreed to be governed by the laws of New York; the only sovereign interest of France identified by Paribas— namely the French Blocking Statute—has proved not to be a significant sovereign interest and will not likely have any effect upon Paribas if it complies with New York's discovery rules and procedures (see, Rich v KIS Cal., 121 FRD 254, 258); and, if resort to the Hague Convention's "quite costly and cumbersome" procedures (Wilson v Lufthansa German Airlines, 108 AD2d 393, 397) were mandated in this case, it would

likely frustrate the prompt disposition of the matter made necessary by plaintiff's principal's advanced age.

We have considered appellant's remaining issues and find them to be meritless. Concur—Murphy, P. J., Sullivan, Ross and Asch, JJ.