OPINION OF THE COURT
Lewis R. Friedman, J.
*409 This case presents a question on which, surprisingly, there is a dearth of New York law: whether a party to a New York action is obligated to produce documents of its subsidiaries located outside the United States pursuant to the CPLR Plaintiff The Bank of Tokyo-Mitsubishi, Ltd., New York Branch (Bank of Tokyo) asserts that defendant, Kvaerner a.s., should be required to respond to discovery demands to produce documents from its wholly owned foreign subsidiaries; Kvaerner, on the other hand, maintains that the requested documents are discoverable only pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (23 US Stat 2555, TIAS No. 7444; the Hague Convention). At the court’s request, in lieu of a formal motion, the parties have submitted substantial letter submissions on the question posed.
The New York cases cited by the parties do not provide much insight on the specific question presented. For example, in BAII Banking Corp. v Northville Indus. Corp. (204 AD2d 223 [1st Dept 1994]), cited by Kvaerner, the Appellate Division merely held that defendant was entitled to use the Hague Convention to obtain discovery of a nonparty foreign entity. The Court did not deal with whether other methods would have been appropriate for that discovery, the issue which is before this court.
In Matter of Agusta (171 AD2d 595 [1st Dept 1991]), also relied on by Kvaerner, the Court held that the deposition of a nonparty foreign national could not be compelled except by application pursuant to the Hague Convention. But, of course the entities sought to be deposed in that case bore no relationship to the parties and, in fact, bore an interest antagonistic to that of the parties. Obviously the only method to compel a deposition there would have to be by means of the Hague Convention since the entity whose deposition was sought was not under the jurisdiction of the New York court. Moreover, in Intercontinental Credit Corp. Div. of Pan Am. Trade Dev. Corp. v Roth (154 Misc 2d 639 [Sup Ct, NY County 1991]), Justice Greenfield examined the principles engendered in Agusta, reversed his earlier decision, and held that the nonparty foreign bank was subject to discovery only through the processes of the Hague Convention. “ £[W]hen discovery is sought from a nonparty in a foreign jurisdiction, application of the Hague Convention * * * which encompasses principles of international comity, is virtually compulsory.’ ” (Intercontinental Credit Corp. Div. of Pan Am. Trade Dev. Corp. v Roth, at 641.) The key to the holding in both of those cases is that the *410 discovery was sought from a nonparty, that was not affiliated in any legal sense with the parties before the court.
In Scarminach v Goldwell GmbH (140 Misc 2d 103 [Sup Ct, Monroe County 1988]), cited by Bank of Tokyo, the court held that the foreign party defendant could not shield itself from discovery in the New York courts by resort to an application to require that discovery proceed in accordance with the Hague Convention where it had failed to meet the burden of showing why sovereign interests of the foreign country were implicated in the discovery process in this action. The court there ruled that a party seeking to require use of the Hague Convention for the discovery process bore the burden of demonstrating that it was entitled to a system of discovery different than others who do business in the United States and are subject to suit in the court here. The court did not deal with the question of obtaining discovery from the subsidiaries of the party before the court.
The Federal cases dealing with the Hague Convention appear to offer more light on the question since they deal with the purposes of the Convention and its relationship to domestic discovery. In Société Nationale Industrielle Aérospatiale v United States Dist. Ct. (482 US 522 [1987]) the Supreme Court determined that the Convention was intended to establish an optional mechanism to facilitate the taking of evidence abroad, and was not an exclusive remedy (482 US, at 536). The purpose of the Hague Convention methodology, in general, is to facilitate discovery within foreign jurisdictions. It was not intended as a shield for purposes of impairing the process of discovery. Rather, it was intended as a facilitator of discovery in civil law countries. The Supreme Court appears to have adopted the analysis of the Fifth Circuit in In re Anschuetz & Co., GmbH (838 F2d 1362, 1363 [5th Cir 1988]) and In re Messerschmitt Bolkow Blohm GmbH (757 F2d 729 [5th Cir 1985]). Hague Convention procedures are not required so long as the discovery takes place within the United States and “is in no way offensive to principles of international comity” (see, Wilson v Lufthansa German Airlines, 108 AD2d 393, 397).
In general a parent has been required to produce documents of its wholly owned subsidiary (see, e.g., Empire Volkswagen v World-Wide Volkswagen Corp., 95 FRD 398 [SD NY 1982]; Alden v Time Warner, 1995 WL 679238 [SD NY, Nov. 14, 1995, Francis, J.]; Hantscho Co. v Miehle-Goss-Dexter, Inc., 33 FRD 332 [SD NY 1963]; United States v Standard Oil Co., 23 FRD 1 [SD NY 1958]). The parties in this case offer no reason why the general rule should not apply here.
*411 In Orlich v Helm Bros. (160 AD2d 135 [1st Dept 1990]), the issue of how discovery of a foreign corporate entity should proceed if it was the agent of a party was first raised on appeal. The Appellate Division ruled that since the trial court had not had an opportunity to examine the relationship of the party and the foreign corporation from whom the discovery was sought, the Court would not require that discovery pursuant to the CPLR be provided by the foreign entity. Essentially the Court could not determine that the foreign entity was the agent of the party so as to require the discovery from the party. The question of the relationship of the parties is tangentially raised by the parties here. Bank of Tokyo refers to the foreign entities as Kvaerner’s subsidiaries while Kvaerner calls them “affiliates”. However it is not disputed that Kvaerner has control over those entities and could obtain the documents. Indeed, Kvaerner is careful in these submissions not to offer any discussion of what the relationship is between the foreign entities and does not specifically deny that they are subsidiaries as that term is generally used. Instead the use of the term “affiliates” appears to be some effort to come within some of the earlier cases (e.g., BAII Banking Corp. v Northville Indus. Corp., supra).
The court concludes that if a party subject to the court’s in personam jurisdiction controls a foreign corporate entity the party, by virtue of its control, should be obligated to produce any and all appropriate discovery under its aegis, including that under the control of its subsidiary, wherever the subsidiary may be located. The logic of this argument is compelling. It is clear from the Federal cases that the Hague Convention has no application to the production of evidence in this country by a party subject to the court’s jurisdiction though it may be applicable to the taking of an involuntary deposition of a party conducted in a foreign country or to the production of disclosure gathered from persons or entities in a foreign country over whom there is no in personam jurisdiction (see, Lowrance v Wenig, GmbH & Co., Kommanditgesellschaft, 107 FRD 386 [WD Tenn 1985]; In re Honda Am. Motor Co. Dealership Relations Litig., 168 FRD 535 [D Md 1996]; Wilson v Lufthansa German Airlines, 108 AD2d 393 [2d Dept 1985], supra).
What is plain here is that there is no dispute that the entities which control the documents are wholly owned subsidiaries of the defendant party here. The court here has jurisdiction over Kvaerner. Kvaerner has control over its subsidiaries and their documents (see, Gerling Intl. Ins. Co. v Commissioner of *412 Internal Revenue, 839 F2d 131, 140 [3d Cir 1988]). Since the documents are within its control Kvaerner is obligated to produce the documents (cf., 23/23 Communications Corp. v General Motors Corp., 172 Misc 2d 821). Resort to the Hague Convention, which would effectively shield the documents from production, should not be required where the court has jurisdiction over a party and that party has control over its subsidiaries whose documents are sought pursuant to the usual CPLR procedures.
The documents, to the extent they are not legitimately objected to, are to be produced within 30 days of service of a copy of this order with notice of entry.