EPAC Tech. LTD v Interforum S.A. (2026 NY Slip Op 00308)

EPAC Tech. LTD v Interforum S.A.

2026 NY Slip Op 00308

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 652032/21|Appeal No. 5125|Case No. 2025-03633|

[*1]EPAC Technologies LTD, Plaintiff-Respondent,
vInterforum S.A., et al., Defendants-Appellants.

Holwell, Shuster & Goldberg LLP, New York (Vincent Levy of counsel), for Interforum S.A., Editis S.A. and Vivendi S.E., appellants.
Proskauer Rose LLP, New York (Bradley R. Bobroff of counsel), for BollorÉ SE, appellant.
Maschoff Brennan, New York (Sherman W. Kahn of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about May 27, 2025, which denied defendants' motion for a protective order and to appoint a commissioner pursuant to the procedure set out by article 17 of the Hague Convention, unanimously affirmed, with costs.
The motion court properly denied defendants' request for a broad protective order and the appointment of a commissioner under article 17 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (23 UST 2555, TIAS No. 7444 [1970][the Hague Convention]) based on the French "blocking statute" (see French Law No. 68-678 of July 26, 1968, as modified by Law No. 80-538 of July 16, 1980). The French blocking statute is a criminal statute forbidding French nationals from engaging in discovery under the rules of a foreign judicial system without using the procedures prescribed by the Hague Convention (see id. ; Robert L. Haig, Commercial Litigation in New York State Courts § 13:40 [5th ed, 3 West's NY Prac Series, October 2025 update]; Motorola Credit Corp. v Uzan , 73 F Supp 3d 397, 403 [SD NY 2014]). In the landmark decision of SociÉtÉ Nationale Industrielle AÉrospatiale v United States Dist. Ct. (482 US 522 [1987]), the Supreme Court ruled that a "broad protective order" requiring discovery to proceed solely under the Hague Convention due to the French blocking statute had been "correctly refused," while acknowledging the possibility that "employing Convention procedures . . . for some aspects of the discovery process" might be appropriate under certain circumstances (id . at 547). Since AÉrospatiale was decided, federal courts have routinely ordered discovery from parties located in France without requiring compliance with the Hague Convention, notwithstanding the French blocking statute (see United States v Buff , 636 F Supp 3d 441, 446 [SD NY 2022]). "The majority of courts that have examined the issue have held that France has little interest in the enforcement of its [b]locking statute" (In re Vivendi Universal, S.A. Sec. Litig. , 2006 WL 3378115, *3 [SD NY, Nov. 16, 2006, No. 02CIV5571 (RJH/HBP]). Historically, the blocking statute has not subjected litigants "to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court" (Bodner v Paribas , 202 FRD 370, 375 [ED NY 2000]).
Defendants argue that the above precedent must be considered in light of recent developments — namely, the 2022 supplemental decree and executive order relating to the French blocking statute, and correspondence from the Strategic Information and Economic Security Service (SISSE). However, these developments do not warrant a departure from established precedent nor the implementation of broad sweeping relief.
The 2022 supplemental decree and executive order provide for enhanced communication between the French authorities and the affected parties (see Haig, § 13:40 at n 3.50; Kara Brockmeyer, Andrew M. Levine, Andrew J. Ceresney, & David A. O'Neil, The Year 2022 in Review: Normalcy Returns as Regulatory Expectations Rise , FCPA Update, Vol. 14, no. 6 at 38 [Jan. 2023], available at https://www.debevoise.com/insights/publications/2023/01/fcpa-update-january-2023 [last accessed Nov. 17, 2025]). They require French companies to report foreign discovery requests covered by the blocking statute "without delay" to SISSE, and in response, SISSE must promptly provide an opinion as to whether the requested information is covered by the blocking statute (see id .). These amendments clarify procedural obligations, but do not substantively increase the risk of prosecution or alter the statute's enforcement framework. Accordingly, defendants' assertion that the amendments necessitate broad protective relief is without merit.
Furthermore, although specific protective measures may be appropriate under certain circumstance (see AÉrospatiale , 482 US at 547) , defendants have failed to prove the need for a blanket protective order requiring all party discovery to proceed under the Hague Convention and appointment of an article 17 Commissioner as they have requested. The AÉrospatiale Court identified five factors that are relevant to the comity analysis: (1) the importance of the requested information to the litigation; (2) the specificity of the requests; (3) whether the information originated in the U.S.; (4) whether there are "alternative means of securing the information"; and (5) the respective national interests involved (482 US at 544 n 28). However, the balance of national interests has been identified as "the most important factor" (Richmark Corp. v Timber Falling Consultants , 959 F2d 1468, 1476 [9th Cir 1992]).
France has historically had little interest in the enforcement of its blocking statute, and we find that the 2022 supplemental decree and executive order do not prove otherwise, as further evidenced by the SISSE letters. The letters generally directed defendants to apply Hague Convention procedures because "the information requested by the Supreme Court of the State of New York is likely to constitute evidence in ongoing legal proceedings." However, the SISSE letters fail to "identify . . . sovereign interests in . . . specific kinds of material," and are not particularized in "terms and . . . enforcement," and thus do not compel the conclusion that Hague Convention procedures must be used here, for all defendants, for all discovery (AÉrospatiale , 482 US at 544, n 29). In contrast, the United States has an "obvious interest in the application of its procedural rules to discovery" in litigation pending in its courts (In re Vivendi Universal, S.A. Sec. Litig. , 2006 WL 3378115, at *3). Moreover, the parties contractually agreed to litigate disputes in New York, and defendants cannot now invoke foreign law to circumvent that agreement. In short, the fifth factor — namely, the respective national interests — weighs heavily in favor of discovery proceeding without regard to the Hague Convention.
The remaining comity factors, except as discussed below, weigh against defendants' position. While much of the discovery materials may have originated in France, defendants concede that some of the requested documents are relevant to the litigation. Their objections to the breadth of the requests can be addressed through standard discovery procedures in New York courts. Furthermore, plaintiff has raised legitimate concerns regarding the cost, delay, and inefficiency of Hague Convention procedures (see Erbach Fin. Corp. v Royal Bank of Canada , 199 AD2d 87, 87-88 [1st Dept 1993]), which further supports denial of the motion.
Given that the subject of the dispute involves printing services at a facility in France for French book publishing companies, the final factor of whether the information requested originated in the United States weighs in defendants' favor. However, as it is the only factor clearly in defendants' favor, defendants have failed to prove that the interests of comity warrant a broad protective order and the appointment of a commissioner in this case and thus, the motion was properly denied.
Moreover, the court properly denied the motion as to jurisdictional discovery (see In re Automotive Refinishing Paint Antitrust Litig. , 358 F3d 288, 302 [3d Cir 2004]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026