Blumenfeld v Smith (2026 NY Slip Op 00308)

Blumenfeld v Smith

2026 NY Slip Op 00308

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Index No. 651069/24|Appeal No. 5662|Case No. 2025-01844|

[*1]Alan Blumenfeld et al., Plaintiffs-Respondents,
vJeffrey D. Smith et al., Defendants-Appellants, 104 West 29th Street LLC et al., Nominal Defendants-Appellants.

Herrick Feinstein LLP, New York (Eliad S. Shapiro of counsel), for appellants.
Kurzman Eisenberg Corbin & Lever, LLP, White Plains (Jeffrey S. Peters of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about March 20, 2025, which denied defendants and nominal defendants' motion to vacate so much of the status conference order, same court and Justice, dated January 16, 2025, as held that plaintiffs were not required to respond to their demand for a bill of particulars, unanimously affirmed, with costs.
The motion court providently exercised its discretion in declining to require plaintiffs to respond to the demand for a bill of particulars. "The object of a bill of particulars is to amplify the pleading, limit the proof, and prevent surprise at trial, not to gain disclosure of evidentiary material" (Arroyo v Fourteen Estusia Corp. , 194 AD2d 309, 309 [1st Dept 1993] [internal citation omitted]). The subject demand improperly requests material evidentiary in nature that is more appropriately sought through discovery.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026