MATTHEW W. BRUDER, JR., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38385.) MICHAEL BRUDER, an Infant, by MATTHEW W. BRUDER, JR., His Guardian ad Litem, Respondent v. STATE OF NEW YORK, Appellant, (Claim No. 38386.) — TAYLOR, J. In negligence claims against the State of New York by an infant to recover damages for personal injuries

and by his father to recover derivative damages the State appealed from those portions of an order of the Court of Claims permitting discovery, inspection and disclosure by claimants. (CPLR, art. 31.) Its brief announces the abandonment of the appeal. (See *Di Santo* v. *State of New York*, 22 A D 2d 289.) Claimants cross-appeal from those parts of the order which directed pretrial examinations of the infant claimant before a named Assistant Attorney-General and of his mother and brother, also an infant, reserved to the court upon the trial of the claims the determination of the preliminary issue as to the infants' competency to be witnesses, granted to the State a priority of examinations, directed a further physical examination of the infant claimant by a physician chosen by the Attorney-General, the furnishing of duly executed and acknowledged authorizations permitting the State to obtain and make copies of the records of Memorial Hospital, Albany, New York, relating to the injuries and medical treatment of the infant claimant, directing the delivery of medical reports of physicians and surgeons who treated the infant claimant in exchange for the report of the State's examining physician and granting a further physical examination of the infant claimant by a physician to be chosen by the Attorney-General. Order modified by striking that part of its 10th decretal paragraph which directed the pretrial examination of the infant claimant and by substituting therefor a paragraph directing him to appear before a Judge of the Court of Claims on a date and hour to be specified by the State upon 10 days' written notice to claimants or at such other time as the parties may mutually agree in writing and providing that if the Judge shall determine by a preliminary examination that the infant has sufficient capacity and is competent to testify, he shall be examined with respect to the matters specified in the State's notice of examination under the supervision of the Judge. (*Shine* v. *Sonastone Realty Corp.*, 22 A D 2d 706.) Order further modified by striking the 11th, 12th and 13th decretal paragraphs, so much of the 14th decretal paragraph as directed the examinations before trial of Mary E. Bruder and Matthew W. Bruder, III, and those portions of paragraph 18 which directed an exchange of medical reports (CPLR 3121, subd. [b]; see, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3121.18) and an examination of the infant claimant by a physician to be chosen by the Attorney-General and by substituting therefor a provision directing his further physical examination by a court-selected examiner (*Del Ra* v. *Vaughan*, 1 Misc 2d 636, affd. 2 A D 2d 156) and, as so modified, affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.