■ JOHN JENSEN, Individually and as Parent and Natural Guardian of JILL JENSEN, an Infant, et al., Respondents, v. SHADY PINES, INC., et al., Defendants, and SAM GROSS, Individually and Doing Business as GROSS CONSTRUCTION COMPANY, Appellant.— Appeal by defendant Gross from an order of the Supreme Court, Suffolk County, dated August 16, 1968, which denied his motion for a pretrial examination of plaintiffs. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion granted. The examination shall proceed at a time and place to be specified in a written notice of not less than 10 days, to be served by appellant. The notice of appeal is hereby amended to show that the appeal is from said order, instead of from the decision on which it was based (CPLR 5520, subd. [c]). In our opinion, Special Term erred in denying the motion. Appellant has not waived his right to such examinations by virtue of section 675.9 of title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York (22 NYCRR 675.9) (formerly Rules of the Appellate Division, Second Department, part 7, rule IX), as he served a notice to examine respondents *prior* to the filing of the note of issue. That he did not also move to compel respondents' appearance within 60 days after service of the note of issue is irrelevant insofar as section 675.9 is concerned. Furthermore, though the infant plaintiff was only six years old at the time of the accident, she is not incompetent to testify as a matter of law. A preliminary examination to determine her competency should be conducted prior to the pretrial proceedings ordered herein. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.