■ Mario Verini et al., Respondents, v Joseph F. Bochetto, Jr., Appellant, et al., Defendant.—In a medical malpractice action, defendant Bochetto appeals from an order of the Supreme Court, Kings County, dated May 21, 1975, which, *inter alia*, (1) directed him to submit to an examination before trial and (2) directed him to deliver to plaintiffs' attorneys (a) a copy of any statement given by him to his insurance carrier in connection with plaintiffs' claim, as well as copies of any correspondence between him and any other person in connection with that claim and (b) a copy of any statement of fact made by him and given to any consultant retained on his behalf to render an opinion with respect to the alleged malpractice. Order modified by (1) deleting from the first decretal paragraph thereof the matter following the word "granted" and substituting therefor the following: "staying the examination before trial of defendant Bochetto", (2) striking therefrom the second, third, and fourth decretal paragraphs and (3) deleting from the sixth decretal paragraph thereof the following: "upon completion of the examination before trial of the defendant," and "but not later than 30 days following the completion of the examination before trial of the defendant Bochetto". As so modified, order affirmed, without costs. In our view, Special Term improvidently exercised its discretion in failing to issue a protective order pursuant to CPLR 3103 (subd [a]) staying the examination before trial of appellant. The uncontradicted medical evidence indicates that appellant is suffering from an advanced stage of cancer and is recuperating from surgery and that the stress of an examination before trial "would contribute unnecessarily to an already grave situation and most certainly would endanger his life." In addition, Special Term erred in directing appellant to deliver to plaintiffs' attorneys copies of any statements made by him and given to his insurance carrier or to any consultant retained by him in connection with plaintiffs' claim. These materials were clearly prepared for litigation and hence are not available for discovery (CPLR 3101, subd [d]; *Kandel v Tocher,* 22 AD2d 513). Finally, that part of the order which directs the delivery by appellant to plaintiffs' attorneys of copies of any and all correspondence between appellant and any other person in connection with plaintiffs' claim must be stricken as improper since it does not contain the requisite specificity required by statute (CPLR 3120, subd [a], par 1, cl [i]). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.