■ VALERIE R. DONNELLY, Respondent, v DAVID A. DONNELLY, Appellant.—In a divorce action, defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County, dated January 31, 1980, as required the parties to submit to an examination before trial at the courthouse in Richmond County, New York. Order modified by deleting therefrom the provision directing that an examination before trial of all parties shall be held at the library of the Supreme Court, Richmond County, and substituting therefor the following: "Plaintiff is directed to appear for an examination before trial in New York County at the office of defendant's attorney, and defendant is directed to appear for an examination before trial in Richmond County, at the Supreme Court, St. George, Staten Island." As so modified, order affirmed insofar as appealed from, without costs or disbursements. The examination of plaintiff shall proceed at a time to be fixed in a written notice of not less than 10 days, to be given by defendant, or at such time as the parties may agree. The examination of the defendant shall follow within 10 days of the completion of the examination of the plaintiff, or at such other time as the parties may agree. Plaintiff was not free to cross-notice defendant's oral deposition at the same time as plaintiff's oral deposition but at a different place (see CPLR

3107). If plaintiff felt aggrieved by the place of her deposition chosen by defendant a protective order might have been sought upon a proper showing of "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the courts." (CPLR 3103, subd [a].) However, under the facts of this case, a protective order is not warranted. Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.