(Republished)

■ FIRST LONDON COMMODITY OPTIONS, LTD., Respondent, v SHEARSON HAYDEN STONE INC. et al., Appellants. — Upon the court's own motion, the

order of this court entered on April 2, 1981 (81 AD2d 501) is vacated, the memorandum decision filed therewith recalled and the following memorandum substituted therefor. Order, Supreme Court, New York County, entered August 6, 1980, which, *inter alia,* granted plaintiff's motion for a protective order against the deposition of plaintiff's principal, Sanford Goodman, on oral questions and permitted, in lieu thereof, deposition on written questions, unanimously modified, on the law, and in the exercise of discretion, without costs or disbursements, to allow the deposition of Sanford Goodman upon oral questions, and, except, as thus modified, affirmed. Special Term properly granted leave to serve an amended complaint to allege events which have occurred since the commencement of the action and to assert the damages which flow therefrom. Both the new claims and the increased damages arise out of the same wrongful acts and threatened acts alleged in the original complaint. Leave to amend should be freely given, absent prejudice or surprise resulting directly from the delay *(Murray v City of New York,* 43 NY2d 400, 406; CPLR 3025, subd [b]), especially where, as here, discovery, except for the production of certain documents, has not yet taken place. We do not believe, however, that defendants should be denied their right to a deposition upon oral questions of plaintiff's principal, Sanford Goodman, who concededly suffers from an incurable lung disease causing shortness of breath. The facts underlying the causes of action are an outgrowth of transactions between Goodman and defendants which are sharply disputed. Hence, Goodman's testimony is highly critical. Whatever strain may be attached to being subject to oral deposition is no greater than that which Goodman would face at trial if he is called as a witness for plaintiff, a right which plaintiff steadfastly refuses to forego. Nor do the medical reports submitted in support of the protective order indicate that an oral deposition would be life impairing. Defendants have repeatedly offered to conduct the deposition in a manner consistent with the deponent's medical needs. Accordingly, the parties are directed to settle an order providing for a deposition upon oral questions to take place at deponent's home or office, or his attorneys' office, with a doctor of deponent's choice in attendance, if he so desires, and that such deposition be conducted in sessions of 45 minutes each with intervals of 20 minutes. Settle order. Concur — Murphy, P.J., Sandler, Sullivan and Fein, JJ.