■ ANGELA TUOHY, an Infant, by Her Father and Natural Guardian, ROBERT TUOHY, Respondent, v LOUIS GAUDIO et al., Appellants, et al., Defendant. — In a medical malpractice action, defendant physicians appeal from (1) so much of an order of the Supreme Court, Rockland County (Walsh, J.), entered November 20, 1980, as denied their cross motion for an order directing the infant plaintiff to appear for an examination before trial, and (2) an order of the same court, entered January 30, 1981, which denied their motion, in effect, to reargue said cross motion. Appeal from the order entered January 30, 1981 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order entered November 20, 1980 reversed insofar as appealed from, without costs or disbursements, and cross motion granted. The infant plaintiff is directed to appear before a Judge at Special Term, County Courthouse, Rockland County, on a date and hour to be specified upon 10 days' written notice to the plaintiff or at such other time as the parties may agree in

writing, and if the Judge shall determine by a preliminary examination that the infant has sufficient capacity and is competent to testify, she shall be examined under the supervision of the Judge. We find that Special Term erred in summarily refusing to permit an examination before trial of the allegedly brain-damaged infant plaintiff. Plaintiff did not establish that a protective order was warranted (see CPLR 3103, subd [a]), nor is the infant plaintiff incompetent to testify as a matter of law. Therefore, a preliminary examination to determine her competency should be conducted (see *Jensen v Shady Pines*, 32 AD2d 648; *Shine v Sonastone Realty Corp.*, 22 AD2d 706). Titone, J. P., Gibbons, Weinstein and Rubin, JJ., concur.