OPINION OF THE COURT
Leonard N. Cohen, J.
Defendant Champs moves to strike this matter from the 8A Calendar for failure of plaintiffs to serve a bill of particulars and to preclude plaintiffs from presenting evidence at trial for items for which particulars have been demanded but not supplied. Plaintiffs cross-move for leave to serve a bill after completion of the examinations before trial of the defendants and for a protective order pursuant to CPLR 3103 staying the deposition of the infant plaintiff. Plaintiffs’ request for oral argument is denied as the court finds the prior oral argument of the parties and the written submissions adequately present the legal arguments raised.
The defendant’s motion to strike the case from the 8A Calendar is denied. However, plaintiffs are directed to serve a bill of particulars within 30 days of the date of this order. The plaintiffs’ cross motion to defer the bill until after examinations before trial is denied but the plaintiffs are granted leave to serve a supplemental bill within 30 days after completion of the depositions as to items not currently within their knowledge.
*796 The plaintiffs’ cross motion for a stay of the deposition of the infant plaintiff is granted. The injuries alleged arise out of a sexual assault on a seven-year-old child. The plaintiff has submitted an affidavit of her treating psychologist which states that an interruption of her treatment of the plaintiff by a procedure requiring her to relive and retell the events of the assault would have adverse emotional consequences for the child and handicap her in her treatment of the plaintiff.
The court finds that due to the tender age of the plaintiff and the nature of the assault inflicted upon her, the interests of justice require that the court protect her from the further injury and emotional distress that a deposition would inflict upon her. It is noted that the defendant Claiborne has entered a plea of guilty in criminal court, apparently substantiating the alleged sexual assault. Furthermore, the plaintiffs offer the deposition of the infant’s parents who can provide adequate information regarding the emotional injuries claimed. Accordingly, the cross motion for a protective order is granted.
This constitutes the decision and order of the court. The matter is adjourned to the 8A Calendar of July 23, 1984.