■ MARIE REGINA, Appellants, v SHELLY J. DAY et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated May 1, 1990, as denied her cross motion for a protective order and directed that she appear for an examination before trial.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith.

The plaintiff appeals from so much of an order as denied her cross motion for a protective order and directed her to appear for an examination before trial. On her cross motion for a protective order, her psychologist submitted a report wherein she found that the plaintiff is not competent to testify because "she does not have sufficient intellectual capacity, judgment and mental stability". The plaintiff's psychologist further noted that based upon testing, the plaintiff is in the moderate range of mental retardation.

We find that prior to determining the plaintiff's cross motion, the Supreme Court should have determined in a preliminary examination whether the plaintiff is competent to testify. Accordingly, a preliminary examination to determine the plaintiff's competency should be conducted by the Justice *(see, Tuohy v Gaudio,* 87 AD2d 610). Harwood, J. P., Miller, Ritter and Pizzuto, JJ., concur.