■ NELLY ARROYO, Individually and as Mother and Natural Guardian of NELSIE ARROYO, an Infant, Respondent, v FOURTEEN ESTUSIA CORP., Also Known as 14 ESTUSIA CORP., et al., Appellants. [598 NYS2d 471] —Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered March 17, 1992, which, *inter alia,* denied defendants' cross-motion for an order compelling the infant plaintiff to appear and submit for a deposition upon oral questions, and granted plaintiffs' motion to vacate defendants' demand for a verified bill of particulars, unanimously affirmed, with costs.

The IAS Court properly granted plaintiffs a protective order on the ground that the infant, who was four years old when she allegedly witnessed her mother being raped, would be unlikely to provide any relevant information beyond that provided by her mother concerning defendants' liability, which is premised upon, *inter alia,* defendants' negligent maintenance of the locks and gates in plaintiffs' apartment building. We would add that requiring the infant to recount the events surrounding her mother's rape would in all likelihood cause her trauma, and, in this regard, take note of the social worker's report indicating that the infant suffered emotionally as a result of witnessing the attack.

The IAS Court also properly granted plaintiffs' motion to vacate the demand for a verified bill of particulars. The object of a bill of particulars is to amplify the pleading, limit the proof, and prevent surprise at trial *(State of New York v Horsemen's Benevolent & Protective Assn.,* 34 AD2d 769), not to gain disclosure of evidentiary material *(Bassett v Bando Sangsa Co.,* 94 AD2d 358, 359, *appeal dismissed* 60 NY2d 962). Here, most of the 200 separate requests for information in this 22-page demand containing 33 separate paragraphs are excessively detailed and improperly request material evidentiary in nature, and since the few proper demands are commingled with the improper ones, " '[t]he remedy, under the circumstances, is not successive prunings of the demand * * * but rather a vacatur of the entire demand' " *(Philipp Bros. Export Corp. v Acero Peruano,* 88 AD2d 529; *Carroad v Regensburg,* 17 AD2d 734). Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.