OPINION OF THE COURT
Debra J. Kiedaisch, J.
*105 The respondent, C. R, has issued a subpoena to A. V. seeking his testimony in connection with the abuse proceeding against C. R. A. V. is seven years old. He is the alleged victim of sexual molestation perpetrated by his stepfather, C. R.
A. V. was not called as a witness in the presentation of the abuse case. The evidence concerning abuse was presented through the testimony of a neighbor, who testified that in the early morning of August 24, 1996 she overheard the child pleading, "don’t put it in my mouth,” and the respondent replying, "I’ll put it in your rectal.” She also heard the respondent say, "You do Daddy good” and he was not to tell anyone at school. She then saw A. and the respondent come out of the tent in their backyard. An investigator for the State Police and a caseworker for the child protective services each testified that A. said that the respondent put his "Weiner” in A.’s mouth. A. told his therapist, his stepmother and an Assistant District Attorney the same thing. The child also indicated to the State Police that the respondent hurt his buttocks. There is testimony that the respondent admitted to a detective that his penis was in A.’s mouth. However, the respondent claimed that A. placed his mouth on respondent’s penis when they were wrestling. The respondent did not testify at trial.
A.’s Law Guardian seeks a protective order precluding A.’s testimony. The court has solicited memoranda of law from the respondent, the Law Guardian and the County Attorney’s office to address the issue of whether this seven year old can be compelled to testify, and if so, under what conditions. The court has received memoranda from the respondent, the Law Guardian and the County Attorney. In addition, the County Attorney has submitted a sur-reply memorandum.
The respondent’s articulated reason for compelling the testimony of the seven year old is that it is probative for the court to hear what the child has to say and to observe his credibility and demeanor.
The Law Guardian claims that to force A. to testify at this time would be damaging to A. She points out that A. has been removed from his home and his mother, that he is presently in sex abuse counseling, that he has already been interviewed several times by several people concerning the allegations, that he may have to testify in a pending criminal action, that there are indications that A. is already reluctant to testify and that A.’s mother has accused him of lying and told him that his stepfather is going to jail and he would never see other members of his family as a result of those lies.
*106 The respondent claims that A.’s testimony is necessary because A. has made inconsistent out-of-court statements. According to the respondent, the only inculpatory statements were made to the investigator for the State Police and the investigator for the Department of Social Services. He claims that any other statements made, including those made to the Assistant District Attorney and to his caseworker, were exculpatory. The respondent claims that his motive for seeking A.’s testimony is not to seek discovery for the criminal proceeding but rather a "sincere search for the truth”.
The respondent discounts the Law Guardian’s argument that requiring A. to testify would be detrimental to him. Essentially, the respondent claims that since A. has been asked to tell his story so many times, one more time can’t hurt. The respondent is willing to conduct a hearing to determine "ground rules to protect the child in this proceeding”, and asks the court to schedule such a hearing.
No case has been presented or discovered which addresses the particular issue raised in this matter, that is, in an abuse and neglect proceeding, must the court hear the testimony of a seven-year-old child who is the alleged victim of sexual abuse when the child is called as a witness by the respondent?
In determining this issue the court has balanced the interest of the respondent in confronting the seven year old who claims to have been molested against the court’s obligation to protect the interests and emotional well-being of the child. (Family Ct Act § 1011.)
Family Court Act § 1046 (a) (vi) specifically provides that "previous statements made by the child * * * [are] admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration. The testimony of the child shall not be necessary to make a fact-finding of abuse or neglect” (emphasis added).
Thus, where a child has made out-of-court statements alleging abuse, it is error for the court to dismiss the petition for lack of corroboration because the child would not speak about the alleged incident during an in camera interview. The court must consider all possible sources of corroborating evidence. (Matter of Dana F., 113 AD2d 939.)
In the present case the respondent has failed to articulate any interest outweighing that of the child. (See, Matter of Com *107 missioner of Social Servs. of City of N. Y. [Woodley B.] v Joseph B., 207 AD2d 885.) The respondent cites the search for truth as a basis for forcing the child to testify, yet he, himself, is unwilling to testify in this proceeding.
The respondent claims that A.’s statements have been inconsistent. Any further testimony of A., sworn or unsworn, in camera or not, will not clear up any inconsistencies, assuming that they exist.
On the other hand, there is the danger that A.’s emotional well-being will be damaged by forcing him to further testify. He is in therapy. His mother has accused him of lying and she has threatened him with various repercussions if he continues to talk about the incident.
Accordingly, the court hereby determines that the interest of maintaining A.’s emotional well-being outweighs the interest of the respondent in having A. recount his story before the court. The application of the Law Guardian is granted.