■ WILLIAM WILLIS et al., Individually and as Coadministrators of the Estate of COLLEEN WILLIS, Deceased, Respondents, v FRANK CASSIA et al., Appellants, et al., Defendants. [680 NYS2d 313] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered July 16, 1997 in Saratoga County, which, *inter alia*, denied a motion by defendants Frank Cassia and Elizabeth A. Cassia for a protective order, and (2) from that part of an order of said court, entered July 31, 1997 in Saratoga County, which fixed a date for the deposition of defendant Elizabeth A. Cassia.

On May 19, 1995, plaintiffs' 13-year-old daughter, Colleen Willis (hereinafter decedent), was fatally injured when she was struck by a car driven by defendant Elizabeth A. Cassia (hereinafter Cassia) and owned by Cassia's father, defendant Frank Cassia (hereinafter collectively referred to as defendants) in the Town of Clifton Park, Saratoga County. Cassia, who was alone in the vehicle and 17 years old at the time, gave a statement to police shortly after the accident. As a result of decedent's death, plaintiffs commenced this wrongful death action individually and on behalf of decedent's estate against defendants, the Town of Clifton Park and Saratoga County.

Following joinder of issue, the County, Town and plaintiffs noticed Cassia's deposition. Defendants then moved pursuant to CPLR 3103 (a) for an order protecting Cassia from being deposed or, in the alternative, deferring the ruling until all other parties and nonparty witnesses have been deposed in order to determine if Cassia's deposition will be necessary. According to affidavits from Cassia's physician and psychologist, the accident caused Cassia to suffer from depression and anxiety and that, consequently, testifying at an examination before trial "would cause her trauma". Plaintiffs opposed defendants'

motion for a protective order; the County and Town sought to have Supreme Court defer its ruling until the completion of all other depositions. Supreme Court denied the motion for a protective order and, in a second order, directed that Cassia appear for a deposition on August 5, 1997. The court ruled, however, that Cassia could have her physician and psychologist present at the deposition. Supreme Court thereafter granted a stay of the deposition pending defendants' appeal of its orders.

We affirm. Contrary to defendants' argument, Supreme Court did not abuse its discretion in denying their motion for a protective order. CPLR 3101 (a) provides that

"[t]here shall be full disclosure of all matter material and necessary * * * by:

"(1) a party * * * [and]

"(2) a person who possessed a cause of action or defense asserted in the action".

Nevertheless, defendants invoke CPLR 3103 (a), which provides that a protective order may be issued to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice". The proponent of such a motion must make an appropriate factual showing to be entitled to such relief (*see, State of New York v General Elec. Co.*, 215 AD2d 928, 929; *Brignola v Pei-Fei Lee, M.D., P. C.*, 192 AD2d 1008, 1009). Significantly, "[t]he scope and supervision of discovery is generally within the sound discretion of the court where the action is pending" (*Carella v King*, 198 AD2d 567, 568). Furthermore, "[i]f the disclosure sought is of relevant material and does not come under any of the immunities * * * of CPLR 3101, it will be the rare case in which CPLR 3103 is applied to deny disclosure altogether" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3103:1, at 357).

Here, upon review of the materials submitted by defendants in support of their motion, we find that Supreme Court appropriately weighed the parties' competing interests (*see, Brignola v Pei-Fei Lee, M.D., P. C., supra*) in denying their request for a protective order. Although it is not disputed that Cassia suffered trauma as a result of the accident, it cannot be ignored that Cassia, now an adult, is a party and eyewitness to the accident and her testimony is obviously material and relevant (*cf., Arroyo v Fourteen Estusia Corp.*, 194 AD2d 309). Notably, there is no proof in the record that Cassia has been declared incompetent to proceed, is psychologically *incapable* of being deposed or that testifying would cause her permanent damage or be "life impairing" (*First London Commodity Op-*

*tions v Shearson Hayden Stone*, 81 AD2d 501; *see, Hur v City of Poughkeepsie*, 71 AD2d 1014). Additionally, Supreme Court appropriately permitted Cassia's treating professionals to be present during her deposition. Under these circumstances, we cannot conclude that the court abused its discretion, particularly since any resulting strain would not be greater than what Cassia would face if called as a witness at trial (*see, First London Commodity Options v Shearson Hayden Stone, supra*).

Mercure, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the orders are affirmed, with costs.