■ KAREN A. WHEELER, Respondent, v CITIZENS TELECOMMUNICATIONS COMPANY OF NEW YORK, INC., Appellant. [711 NYS2d 590] —Mugglin, J. Appeal from an order of the Supreme Court (Best, J.), entered November 19, 1999 in Fulton County, which, *inter alia*, denied defendant's motion for a protective order.

In this action seeking monetary damages for wrongful discharge from employment, defendant appeals from that portion of Supreme Court's order which denied its motion for a protective order concerning the presence of a designated corporate representative during oral depositions. During the discovery proceedings, plaintiff sought to obtain the oral deposition of defendant's employees, Daniel Maynard, Stephen Le Van and Joyce Robbins. The oral depositions were to be conducted sequentially, beginning with Maynard. At the commencement of Maynard's deposition, plaintiff objected to the presence of Robbins, defendant's human resource manager and corporate representative, during that portion of Maynard's deposition regarding conversations he had with Robbins and Le Van, defendant's vice-president of regional sales and Maynard's supervisor, regarding plaintiff. When defendant refused to exclude Robbins for this brief period, the parties contacted Supreme Court by telephone to resolve the issue.

After hearing the arguments of both sides, Supreme Court

directed that defendant could choose another corporate representative to be present during that portion of the deposition of Maynard which involved questions concerning conversations he may have had with Robbins and Le Van concerning plaintiff. Maynard's deposition was postponed so that defendant could select an appropriate corporate representative to be present. When defendant subsequently chose Le Van to act as its corporate representative during Maynard's deposition, plaintiff raised the same objection. Thereafter, defendant moved for a protective order pursuant to CPLR 3103 to prevent plaintiff from objecting to Le Van's presence during the deposition. Defendant now appeals Supreme Court's denial of this protective order.

Since we find no reason to conclude that Supreme Court's denial of the motion for a protective order constitutes an abuse of discretion, we affirm. Initially, we observe that defendant's motion papers are factually inadequate to convincingly demonstrate the requisite prejudice for the issuance of a protective order (*see*, CPLR 3103 [a]; *Willis v Cassia*, 255 AD2d 800, 801). Further, defendant's contention that denial of the requested protective order effectively allows plaintiff to select defendant's corporate representative during the depositions is meritless. The denial of the requested protective order does not operate to exclude defendant from having a representative present. Instead, the denial of the protective order precludes defendant from designating as its corporate representative an individual who would be subsequently deposed regarding conversations involving plaintiff.

Plaintiff has the right to obtain the spontaneous testimony of each of defendant's witnesses who conversed concerning her, uninfluenced by the testimony or presence of such other corporate employee witnesses (*see*, *Swiers v P & C Food Mkts.*, 95 AD2d 881, 882). Therefore, Supreme Court correctly exercised its discretion to establish reasonable terms and conditions to facilitate and control discovery (*see*, *Mattocks v White Motor Corp.*, 258 AD2d 628, 629, *lv dismissed* 93 NY2d 1041; *Willis v Cassia*, *supra*, at 801). Without explanation, defendant sought to designate as its corporate representative individuals who were to be later deposed concerning conversations in which they were all participants. The unjustified refusal to designate a corporate representative, other than an employee who was a party to the conversations, contributes to the unnecessary adjournments of the depositions and constitutes an unnecessary burden to plaintiff. There being no abuse of discretion, Supreme Court's determination will not be disturbed (*see*, *Mattocks v White Motor Corp.*, *supra*, at 629).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.