■ Brenda Button, Respondent, v John Guererri et al., Appellants. [748 NYS2d 102] —Appeal from an order of Supreme Court, Ontario County (Harvey, J.), entered August 6, 2001, which granted plaintiff's motion to compel the deposition of defendant John Guererri, thereby denying defendants' cross motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the cross motion is granted in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's motion to compel the deposition of John Guererri (defendant), thereby denying defendants' cross motion for a protective order pursuant to CPLR 3103 (a). Although "trial courts are vested with broad discretion in supervising disclosure" (Nitz v Prudential-Bache Sec., 102 AD2d 914, 915; see also Matter of Xerox Corp. v Duminuco [appeal No. 1], 216 AD2d 950), that discretion is not unlimited (see Andrew F. Capoccia, P.C. v Spiro, 88 AD2d 1100, 1101). The court may issue a protective order to prevent "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (§ 3103 [a]; see Donnelly v Donnelly, 76 AD2d 879). Here, the court abused its discretion in denying defendants' cross motion for a protective order where defendants submitted the uncontroverted affidavit of defendant's psychiatrist stating that she had treated defendant since 1999 for "psychiatric symptoms from his Post Traumatic Stress Disorder, anxiety disorder and depression" and that in her opinion "if [defendant] was required to participate in a deposition, it would be dangerously deleterious to his emotional state" (see e.g. Verini v Bochetto, 49 AD2d 752). In addition, we note the availability of other disclosure devices to which defendant may be subjected without endangering his emotional state. We therefore reverse the order, deny plaintiff's motion and grant defendants' cross motion for a protective order to the extent that defendant shall be required to submit responses to written interrogatories, without prejudice to plaintiff to renew her motion to compel the deposition of defendant upon receipt and review of the responses to the written interrogatories. Present—Pine, J.P., Wisner, Hurlbutt, Scudder and Burns, JJ.