■ In the Matter of the Claim of BRIAN VV. et al., Individually and as Parents and Guardians of KARIS VV., an Infant, Respondents, v CHENANGO FORKS CENTRAL SCHOOL DISTRICT, Appellant. [751 NYS2d 59] —Rose, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered May 9, 2002 in Broome County, which granted petitioners' motion pursuant to General Municipal Law § 50-h and Education Law § 3813 to strike respondent's notice to examine the infant, and (2) from the judgment entered thereon.

After petitioners filed a notice of claim asserting that their six-year-old daughter had been sexually assaulted by another student on a school bus on October 22, 2001, respondent served a notice to orally examine petitioners and the child pursuant to General Municipal Law § 50-h and Education Law § 3813. Petitioners submitted to the examination, but refused to produce their child. They then filed a petition in Supreme Court seeking an order striking the notice as to her. Finding that the child's earlier interviews with respondent's attorney, a deputy sheriff and, allegedly, respondent's psychologist substantially complied with General Municipal Law § 50-h, Supreme Court issued an order, and subsequently a judgment awarding costs and disbursements, striking respondent's notice of examination of the child. Respondent now appeals. Despite Supreme Court's well intentioned desire to spare petitioners' child an

examination under oath concerning an undoubtedly disturbing event, the clear mandate of General Municipal Law § 50-h cannot be evaded under the circumstances presented here.

When requested, a claimant's submission to a General Municipal Law § 50-h examination is a condition precedent to bringing an action against a school district (*see Kowalski v County of Erie*, 170 AD2d 950, 950, *lv denied* 78 NY2d 851; *La Vigna v County of Westchester*, 160 AD2d 564, 565; *De Ronda v Greater Amsterdam School Dist.*, 91 AD2d 1088, 1088-1089) and noncompliance is a ground for dismissal (*see Asaro v Gilpin*, 289 AD2d 429, 429; *Kowalski v County of Erie, supra*). While the failure to submit to such an examination may be excused in exceptional circumstances, such as extreme physical or psychological incapacity, such grounds are not present here (*see Arcila v Incorporated Vil. of Freeport*, 231 AD2d 660, 661; *Alford v City of New York*, 115 AD2d 420, 421-422, *affd on mem below* 67 NY2d 1019; *Hur v City of Poughkeepsie*, 71 AD2d 1014, 1015). Petitioners do not claim that the child is physically or psychologically incapable of being examined, and they offer only the lay opinion of a victim assistance worker that an examination would be likely to exacerbate the child's anxiety. As to the need for an examination, respondent points out that there is relevant information obtainable only from the child that was not elicited in the prior interviews. Since those interviews also were limited in time and scope, not conducted with the child under oath and—with one exception of limited success—not recorded, we cannot agree that the purpose of the statute to assure an opportunity for preaction evaluation of a claim was fulfilled by the earlier interviews (*see Brown v City of New York*, 95 NY2d 389, 392). In the future action, Supreme Court will have broad discretion to preclude or limit any additional examination before trial to avoid redundancy or annoyance in light of the child's testimony under oath at the section 50-h examination (*see* CPLR 3130 [1]; *Willis v Cassia*, 255 AD2d 800, 801).

Finally, the young age of petitioners' child raises the question of whether she is competent to testify under oath as required by General Municipal Law § 50-h (*see People v Hetrick*, 80 NY2d 344, 349). In such circumstances, it is incumbent upon Supreme Court to conduct a hearing to determine whether the child understands the nature and quality of an oath at this time (*see Almy v Pappas*, 134 AD2d 946, 947; *Muscoreil v Pool Mart*, 107 AD2d 1025, 1026; *Bruder v State of New York*, 24 AD2d 691, 692). If the court finds that the child may be sworn as a witness, her examination should be conducted before the court.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order and judgment are reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.