■ DANIEL BALLA, SR., Individually and as Parent and Natural Guardian of DANIEL BALLA, JR., an Infant, Respondent, v DARLENE JONES, Defendant, and MARION STECKER, Appellant. [752 NYS2d 486] —Appeal from an order of Supreme Court, Erie County (Martoche, J.), entered March 18, 2002, which, inter alia, denied defendant Marion Stecker's cross motion seeking a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the cross motion is granted.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by his two-year-old son when he was bitten by a dog owned by defendant Darlene Jones on December 7, 1999 while visiting her at her home. Plaintiff alleged, inter alia, that Marion Stecker (defendant), who leased the property to Jones, knew or should have known of the vicious propensities of Jones' dog. Supreme Court abused its discretion in granting plaintiff's motion pursuant to CPLR 3126 seeking to strike the answer of defendant in the event that she failed to appear for a deposition within 30 days of the court's order directing her to comply with plaintiff's notice of deposition and in denying defendant's cross motion pursuant to CPLR 3103 (a) seeking a protective order.

In support of her cross motion, defendant, who resides in Arkansas, submitted the deposition testimony of the attorney who manages the property. The attorney testified that he arranged for the tenancy with Jones, he visited the property on several occasions, and he knew that Jones had two large dogs, which he described as "overfriendly." He further testified that defendant had visited the property on only one occasion, in June 1999, and he did not know whether she had seen the dogs at that time. The attorney described defendant as being "well into her eighties." Defendant also provided an affidavit from her treating physician, sworn to May 11, 2001, that had been provided to plaintiff in response to the notice for deposition. The physician stated therein that the "illnesses [of defendant] include Parkinson's Disease, incontinence, and a degree of dementia which makes it difficult for her to carry on a conversation. She has also suffered two heart attacks in the last two years as well as a stroke." She concluded, based on a reasonable degree of medical certainty, that "serious adverse health consequences would likely result from [a trip by defendant] from Arkansas to New York State for depositions and/or

a trial." Defendant's attorney submitted an affirmation wherein he stated, inter alia, that plaintiff had rejected his offer to have defendant provide sworn written interrogatories.

Here, there was no "clear showing that [defendant's] failure to comply with [the notice of deposition was] willful, contumacious, or in bad faith" (*Birch Hill Farm v Reed*, 272 AD2d 282, 282). Furthermore, we conclude that defendant "would be unlikely to provide any relevant information beyond that provided by [the attorney who managed the property]" (*Arroyo v Fourteen Estusia Corp.*, 194 AD2d 309, 309). We therefore reverse the order, deny plaintiff's motion and grant defendant's cross motion. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.