■ DAVID WHITE et al., Appellants, v TUTOR TIME, Respondent. [896 NYS2d 164]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated April 21, 2009, as denied that branch of their cross motion which was to compel the defendant to produce Emily Picarello for a deposition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' cross motion which was to compel the defendant to produce Emily Picarello for a deposition is granted.

On August 13, 2007 the infant plaintiff was injured while playing in the yard outside the defendant's childcare facility in Medford. The infant plaintiff was almost six years old at the time of the accident. The accident allegedly was witnessed by one of the defendant's employees, a teacher named Emily Picarello. Picarello also filled out an accident report for the defendant. A second teacher also was present in the yard at the time of the accident.

After this action was commenced, the defendant produced Jamie Hollowell, who was its Assistant Center Director on the date of the accident, as its witness. She acknowledged that she had not seen the accident involving the infant plaintiff and testified based upon, inter alia, her conversations with Picarello and the other teacher.

Thereafter, the plaintiffs sought, inter alia, to compel the defendant to produce Picarello for a deposition. The Supreme Court denied that branch of the motion. We reverse.

While Hollowell, the witness who was produced, was factually knowledgeable about various matters at issue including the procedures employed by the defendant, it is undisputed that she did not witness the accident and Picarello, the person the plaintiffs seek to depose, was an eyewitness to the accident. Picarello also filled out the incident report which was filed with the defendant after the accident. Under the circumstances of this case, the plaintiffs established that the witness who was produced had an inadequate knowledge of what happened and that there is a substantial likelihood that Picarello possesses information which is material and necessary for the prosecution of the case. Accordingly, the Supreme Court should have directed the defendant to produce Picarello for a deposition as to what she observed during the incident (*see Williams v City of New*

*York*, 40 AD3d 847, 849 [2007]; *Mercado v Alexander*, 227 AD2d 391 [1996]; *Zollner v City of New York*, 204 AD2d 626 [1994]; *Simon v Advance Equip. Co.*, 126 AD2d 632 [1987]; *cf. Fowler v Yonkers Gospel Mission*, 67 AD3d 635 [2009]; *Carter v New York City Bd. of Educ.*, 225 AD2d 512 [1996]). Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.