PENELOPE R. COLECHIO-THOMAS, Respondent, v COUNTY OF CATTARAUGUS, Appellant. [924 NYS2d 890]—

Appeal from an order of the Supreme Court, Cattaraugus County (Gerald J. Whalen, J.), entered July 13, 2010 in a personal injury action. The order denied defendant's motion and amended motion to compel deposition testimony.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the amended motion to compel the deposition of plaintiff's stepfather and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Cattaraugus County, in accordance with the following memorandum: Plaintiff commenced this personal injury action seeking damages for injuries she sustained when she fell in the parking lot of a facility owned and operated by defendant. According to defendant, plaintiff's stepfather is the only witness who observed her fall. In its amended motion seeking, inter alia, to compel the deposition testimony of that witness, defendant sought to depose him at his residence with any accommodations or restrictions deemed by Supreme Court to be appropriate to protect his needs. Although plaintiff provided the affirmation of her stepfather's primary care physician stating that the witness is not physically or psychologically able to "endure" a deposition, we nevertheless agree with defendant that the court abused its discretion in denying its amended motion to compel the deposition of the wit-

ness with any necessary restrictions and accommodations because defendant was thereby deprived of discovery of his observations of the incident (*cf. Button v Guererri*, 298 AD2d 947 [2002]). Defendant demonstrated that, as the only witness to the incident, the deposition of plaintiff's stepfather is material and necessary to the defense of the action (*see* CPLR 3101 [a]; *White v Tutor Time*, 71 AD3d 761, 761-762 [2010]; *cf. Balla v Jones*, 300 AD2d 1076 [2002]). Defendant further demonstrated that the witness is "so sick or infirm as to afford reasonable grounds of belief that he . . . will not be able to attend the trial" and thus that a deposition is necessary to secure his testimony (CPLR 3101 [a] [3]). We therefore modify the order by granting that part of the amended motion to compel the deposition of plaintiff's stepfather, and we remit the matter to Supreme Court to determine the location and duration of the deposition and any necessary accommodations or restrictions required to protect his needs. Present—Scudder, P.J., Smith, Carni, Sconiers and Green, JJ.