# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

800

CA 11-00203

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

PENELOPE R. COLECHIO-THOMAS,
PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

COUNTY OF CATTARAUGUS, DEFENDANT-APPELLANT.

---

BRADY & SWENSON, P.C., SALAMANCA (ERIN M. BRADY SWENSON OF COUNSEL),
FOR DEFENDANT-APPELLANT.

FRANCIS M. LETRO, BUFFALO (RONALD J. WRIGHT OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cattaraugus County
(Gerald J. Whalen, J.), entered July 13, 2010 in a personal injury
action. The order denied defendant's motion and amended motion to
compel deposition testimony.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the amended
motion to compel the deposition of plaintiff's stepfather and as
modified the order is affirmed without costs and the matter is
remitted to Supreme Court, Cattaraugus County, in accordance with the
following Memorandum: Plaintiff commenced this personal injury action
seeking damages for injuries she sustained when she fell in the
parking lot of a facility owned and operated by defendant. According
to defendant, plaintiff's stepfather is the only witness who observed
her fall. In its amended motion seeking, inter alia, to compel the
deposition testimony of that witness, defendant sought to depose him
at his residence with any accommodations or restrictions deemed by
Supreme Court to be appropriate to protect his needs. Although
plaintiff provided the affirmation of her stepfather's primary care
physician stating that the witness is not physically or
psychologically able to "endure" a deposition, we nevertheless agree
with defendant that the court abused its discretion in denying its
amended motion to compel the deposition of the witness with any
necessary restrictions and accommodations because defendant was
thereby deprived of discovery of his observations of the incident (*cf.
Button v Guererri*, 298 AD2d 947). Defendant demonstrated that, as the
only witness to the incident, the deposition of plaintiff's stepfather
is material and necessary to the defense of the action (*see* CPLR 3101
[a]; *White v Tutor Time*, 71 AD3d 761, 761-762; *cf. Balla v Jones*, 300
AD2d 1076). Defendant further demonstrated that the witness is "so
sick or infirm as to afford reasonable grounds of belief that he . . .

will not be able to attend the trial" and thus that a deposition is necessary to secure his testimony (CPLR 3101 [a] [3]).  We therefore modify the order by granting that part of the amended motion to compel the deposition of plaintiff's stepfather, and we remit the matter to Supreme Court to determine the location and duration of the deposition and any necessary accommodations or restrictions required to protect his needs.

Entered:  June 10, 2011                       Patricia L. Morgan
                                              Clerk of the Court