■ EVELIN CERON, Respondent, v ANATOLY BELILOVSKY et al., Appellants. [938 NYS2d 607]—

Under the particular circumstances of this case, in which, inter alia, the plaintiff's expert psychologist opined that requir-

ing her infant daughter to testify under oath would be detrimental to her health, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a protective order pursuant to CPLR 3103 (a) to the extent of staying the deposition of the plaintiff's infant daughter (hereinafter the infant) and directing the defendants to submit their proposed written interrogatories to the plaintiff's counsel (*see Button v Guererri*, 298 AD2d 947 [2002]; *Verini v Bochetto*, 49 AD2d 752 [1975]). However, the Supreme Court improperly delegated its authority to determine the scope of discovery to a mental health professional. Accordingly, the infant must submit responses to the interrogatories, without prejudice to the defendants moving, if they be so advised, to compel the deposition of the infant upon receipt and review of the responses to the interrogatories, and without prejudice to the plaintiff moving for an additional protective order, if she be so advised (*see Button v Guererri*, 298 AD2d 947 [2002]).

The issue of whether the protective order improperly reverses the priority of depositions, as contended by the defendants, cannot be determined, since the record is not clear as to whether the defendants in fact had priority of depositions in the first instance (*see* CPLR 3106 [a]; *Business Envelope Mfrs. v Williams*, 40 AD2d 597 [1972]). Dillon, J.P., Florio, Chambers and Roman, JJ., concur.