■ ELIZABETH SERRANO, Also Known as BRIANNA BLALOCK, an Infant, by Her Mother and Natural Guardian, BETTY SERRANO, et al., Appellants, v LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., Doing Business as NEW LIFE SCHOOL, et al., Respondents, and NEW LIFE SCHOOL, INC., Defendant/Third-Party Plaintiff-Respondent. CITY OF NEW YORK et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [996 NYS2d 91]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated August 20, 2012, as denied that branch of their cross motion which was for a protective order pursuant to CPLR 3103 (a) preventing the infant plaintiff from being deposed, and (2) so much of an order of the same court dated April 17, 2013, as denied that branch of their motion which was for leave to renew.

Ordered that the orders are affirmed insofar as appealed from,

with one bill of costs to the respondents appearing separately and filing separate briefs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was for a protective order pursuant to CPLR 3103 (a) preventing the infant plaintiff from being deposed (*see Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 462 [1983]; *Willis v Cassia,* 255 AD2d 800, 801 [1998]; *cf. Ceron v Belilovsky,* 92 AD3d 714, 715 [2012]; *Button v Guererri,* 298 AD2d 947 [2002]; *Arroyo v Fourteen Estusia Corp.,* 194 AD2d 309 [1993]; *Stein v Champs Transp.,* 124 Misc 2d 795, 796 [Sup Ct, NY County 1984]). Contrary to the plaintiffs' contention, the court did not err in determining that the infant plaintiff is competent to testify without conducting a preliminary examination (*see Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC,* 99 AD3d 448, 449 [2012]; *cf. Matter of Brian VV. v Chenango Forks Cent. School Dist.,* 299 AD2d 803, 804 [2002]). However, we agree with the Supreme Court's determination that given the infant plaintiff's fragile condition, the parties must "work with their experts to put in place guidelines so as to lessen the stress and trauma on [her] at the time of" the deposition.

The Supreme Court also properly denied that branch of the plaintiffs' motion which was for leave to renew their cross motion since it was not based on new facts that would have changed the prior determination and, in any event, they failed to proffer a reasonable justification for their failure to present the new facts on their cross motion (*see* CPLR 2221 [e] [2], [3]; *New York Tel. Co. v Supervisor of Town of Hempstead,* 115 AD3d 824, 828 [2014]; *Jones v LeFrance Leasing L.P.,* 110 AD3d 1032, 1034 [2013]; *Commisso v Orshan,* 85 AD3d 845, 845-846 [2011]). Rivera, J.P., Hall, Austin and Roman, JJ., concur.