C.B., v Park Ave. Pub. Sch. (2019 NY Slip Op 03753)





C.B., v Park Ave. Pub. Sch.


2019 NY Slip Op 03753


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-03906
 (Index No. 50258/16)

[*1]C.B., etc., et al., appellants, 
v
Park Avenue Public School, et al., respondents.


Edelman & Edelman, P.C., Great Neck, NY (Neil R. Finkston of counsel), for appellants.
Henderson & Brennan, White Plains, NY (Lauren J. Demase and Brian Henderson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated March 20, 2017. The order, insofar as appealed from, in effect, upon renewal, adhered to a prior determination in an order of the same court dated September 28, 2016, denying that branch of the plaintiffs' motion which was for a protective order pursuant to CPLR 3103(a) preventing the infant plaintiff from being deposed or examined pursuant to General Municipal Law § 50-h.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2014, the infant plaintiff, then a kindergarten student at the defendant Park Avenue Public School, allegedly was sexually assaulted by another student in the bathroom during lunch period. In January 2015, the infant plaintiff, by her parents and natural guardians, and her parents individually (hereinafter collectively the plaintiffs), served a notice of claim upon the defendants. The defendants subsequently served the plaintiffs with a demand for an examination pursuant to General Municipal Law § 50-h. The infant plaintiff's parents each appeared for an examination, but refused to produce the infant plaintiff. In January 2016, the plaintiffs commenced this action against the defendants to recover damages for personal injuries. After issue was joined, the plaintiffs moved, inter alia, for a protective order pursuant to CPLR 3103(a) preventing the infant plaintiff from having to submit to a General Municipal Law § 50-h examination and from being deposed. In an order dated September 28, 2016, the Supreme Court denied the plaintiffs' motion. The plaintiffs subsequently moved, inter alia, for leave to renew that branch of their prior motion which was for a protective order. In support of their motion, they submitted, among other things, the affidavit of the infant plaintiff's treating psychologist. By order dated March 20, 2017, the court, inter alia, in effect, upon renewal, adhered to its original determination. The plaintiffs appeal.
General Municipal Law § 50-h(1) provides that "[w]herever a notice of claim is filed against a . . . school district . . . the . . . school district shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made." Compliance with a demand for a General Municipal Law § 50-h examination is a condition [*2]precedent to the commencement of an action against a municipal defendant (see General Municipal Law § 50-h; Ross v County of Suffolk, 84 AD3d 775, 775; Kemp v County of Suffolk, 61 AD3d 937, 938), however, the failure to submit to such an examination may be excused in exceptional circumstances, such as "extreme physical or psychological incapacity" (Hymowitz v City of New York, 122 AD3d 681, 682; see Legal Servs. for the Elderly, Disabled, or Disadvantaged of W. N.Y., Inc. v County of Erie, 125 AD3d 1321, 1322; Misek-Falkoff v Metropolitan Tr. Auth. [MTA], 44 AD3d 629). Furthermore, for a protective order to be issued, the party seeking such an order must make a "factual showing of unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice'" (Hartheimer v Clipper, 288 AD2d 263, 263, quoting CPLR 3103[a]). " Trial courts are vested with broad discretion to issue appropriate protective orders to limit discovery. . . . [T]his discretion is to be exercised with the competing interests of the parties and the truth-finding goal of the discovery process in mind'" (Cascardo v Cascardo, 136 AD3d 729, 729-730, quoting Brignola v Pei-Fei Lee, M.D., P.C., 192 AD2d 1008, 1009). " The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (Spodek v Neiss, 70 AD3d 810, 810, quoting Mattocks v White Motor Corp., 258 AD2d 628, 629).
Under the circumstances of this case, the Supreme Court, in effect, upon renewal, providently exercised its discretion in adhering to its original determination denying that branch of the plaintiffs' motion which was for a protective order pursuant to CPLR 3103(a) preventing the defendants from conducting a General Municipal Law § 50-h examination, as well as a deposition, of the infant plaintiff (see Simon v Bellmore-Merrick Cent. High Sch. Dist., 133 AD3d 557, 558; Serrano v Lutheran Social Servs. of Metro. N.Y., Inc., 122 AD3d 608, 609; Matter of Brian VV. v Chenango Forks Cent. School Dist., 299 AD2d 803, 803-804; Willis v Cassia, 255 AD2d 800, 801; Lara v City of New York, 187 Misc 2d 882, 892 [Sup Ct, NY County]). Although the plaintiffs' submissions established that the infant plaintiff suffered trauma as a result of the incident, the record does not support a finding of extreme incapacity or psychological injury so as to excuse the infant plaintiff from submitting to a General Municipal Law § 50-h examination or, at this juncture, from testifying at an examination before trial (cf. Ceron v Belilovsky, 92 AD3d 714; Steenbuck v Sklarow, 63 AD3d 823; Matter of A.V., 173 Misc 2d 104 [Fam Ct, Orange County]; Matter of Maria F., 104 Misc 2d 319 [Fam Ct, Bronx County]). After the infant plaintiff's section 50-h examination is completed, the Supreme Court will have broad discretion to preclude or limit any future deposition of the infant plaintiff based on what transpires at the examination (see Matter of Brian VV. v Chenango Forks Cent. School Dist., 299 AD2d 803).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court