B.D. v Good Samaritan Hosp. Med. Ctr.

2026 NY Slip Op 02247

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

B. D., etc., et al., appellants,

v

Good Samaritan Hospital Medical Center, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2022-01355, (Index No. 522559/16)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellants.

Rubin Patenerti Gonzalez Rizzo Kaufman LLP, Garden City, NY (Jonathan Waldauer of counsel), for respondents Good Samaritan Hospital Medical Center, Vindhya Kamath, Jonathan D. Owens, Brian Ault, Allison Mangini, Jian Qiang An, Keith F. Chucheong, Howard Balbi, and Frank L. Sun.

Furman Kornfeld & Brennan LLP, Garden City, NY (Andrew C. Tobman of counsel), for respondents Suffolk Medical, P.C., Halina Borowski, Richard Piccione, and Marie Conde.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 18, 2022. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3103 for a protective order precluding the infant plaintiff from being deposed and precluding the disclosure of certain records.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

In 2016, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that the defendants failed to properly treat a Salter II fracture of the right leg of the then four-year-old infant plaintiff, thereby causing a limb length discrepancy.

In December 2021, following years of contentious discovery, the plaintiffs moved, inter alia, pursuant to CPLR 3103 for a protective order precluding the infant plaintiff from being deposed and precluding the disclosure of certain records. By order dated January 18, 2022, the Supreme Court, among other things, denied those branches of the plaintiffs' motion. The plaintiffs appeal.

"It is a fundamental principle in civil litigation that '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Slapo v Winthrop Univ. Hosp., 186 AD3d 1281, 1282, quoting CPLR 3101[a]; see Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d 956, 957-958). "The supervision of disclosure and the setting [*2]of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (Venables v Rovegno, 195 AD3d 876, 879 [internal quotation marks omitted]; see Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, 184 AD3d 792, 794).

"'Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking a notice for discovery and inspection that is palpably improper. Discovery demands are palpably improper where they seek irrelevant information, are overbroad and burdensome . . . or fail to specify with reasonable particularity many of the documents requested'" (Moran v Grand Slam Ventures, LLC, 221 AD3d 994, 996, quoting U.S. Bank Trust, N.A. v Carter, 204 AD3d 727, 728). "The party seeking a protective order bears the burden of showing that such relief is warranted" (Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, 184 AD3d at 794; see Nimkoff v Central Park Plaza Assoc., LLC, 123 AD3d 679, 680-681).

Here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was pursuant to CPLR 3103 for a protective order precluding the disclosure of certain medical and pharmacy records of the infant plaintiff. The plaintiffs failed to meet their initial burden of showing that medical records from the infant plaintiff's hematologist and geneticist were unrelated to the injuries claimed by the infant plaintiff and further failed to show that the defendants' demand for certain pharmacy records was overbroad or vague, as the plaintiffs' sole objection to disclosure of those records was a lack of an address for the pharmacies (cf. Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, 184 AD3d at 794).

In addition, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was pursuant to CPLR 3103 for a protective order precluding the infant plaintiff from being deposed (see Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 462; C.B. v Park Ave. Pub. Sch., 172 AD3d 980, 982; Serrano v Lutheran Social Servs. of Metro. N.Y., Inc., 122 AD3d 608, 609). Contrary to the plaintiffs' contention, the court did not err in determining that the infant plaintiff is competent to testify without conducting a preliminary examination (see Serrano v Lutheran Social Servs. of Metro. N.Y., Inc., 122 AD3d at 609; Willis v Cassia, 255 AD2d 800, 801-802; cf. Matter of Brian VV. v Chenango Forks Cent. School Dist., 299 AD2d 803, 804; Tuohy v Gaudio, 87 AD2d 610, 611).

Accordingly, the Supreme Court properly denied those branches of the plaintiffs' motion which were pursuant to CPLR 3103 for a protective order precluding the infant plaintiff from being deposed and precluding the disclosure of certain records.

The plaintiffs' remaining contention is without merit.

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court