■ JEAN ARONSON, Individually and as Executor of CALLMAN ARONSON, Deceased, Appellant, v GENA IM et al., Respondents. [915 NYS2d 639]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by her brief, from so much an order of the Supreme Court, Nassau County (Marber, J.), entered March 30, 2010, as, in effect, upon reargument, adhered to its original determination in an order dated July 28, 2009, denying her application to compel the deposition of Dr. Jeffrey Berger on behalf of the defendant Winthrop University Hospital.

Ordered that the order entered March 30, 2010, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and, upon reargument, the order dated July 28, 2009, is vacated and the plaintiff's application to compel a deposition of Dr. Jeffrey Berger on behalf of the defendant Winthrop University Hospital is granted.

We agree with the plaintiff's contention that the Supreme Court improvidently exercised its discretion in denying her application to compel the defendant Winthrop University Hospital (hereinafter the hospital) to produce Dr. Jeffrey Berger as an additional witness for a deposition. While a corporate entity has the right to designate, in the first instance, the employee who shall be examined (*see Barone v Great Atl. & Pac. Tea Co.,* 260 AD2d 417, 417-418 [1999]; *Mercado v Alexander,* 227 AD2d 391 [1996]; *Defina v Brooklyn Union Gas Co.,* 217 AD2d 681, 682 [1995]; *Tower v Chemical Bank,* 140 AD2d 514, 515 [1988]), a further deposition may be allowed where it is demonstrated that the employee who had already been deposed had insufficient knowledge, or was otherwise inadequate, and that the employee proposed to be deposed can offer information that is material and necessary to the prosecution of the case (*see Barone*

*v Great Atl. & Pac. Tea Co.*, 260 AD2d at 418; *Saxe v City of New York*, 250 AD2d 751, 752 [1998]; *Carter v New York City Bd. of Educ.*, 225 AD2d 512 [1996]; *Perez v City of White Plains*, 222 AD2d 663 [1995]; *Zollner v City of New York*, 204 AD2d 626, 627 [1994]).

In this medical malpractice and wrongful death action, one of the claims advanced by the plaintiff is that as the result of an improperly obtained and implemented "Do Not Resuscitate" order, the hospital staff incorrectly declined to provide even basic life-saving measures to the decedent during the acute event that ended with his death. In making her application for an additional deposition, the plaintiff demonstrated that the doctors and nurses who had already been deposed were insufficiently knowledgeable with respect to the Hospital's guidelines and training concerning the obtaining and implementation of "Do Not Resuscitate" orders. The plaintiff also demonstrated that the proposed additional witness, Dr. Berger, was in a position to offer material and necessary information on those issues. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.