■ FRANCESCO GIORDANO et al., Appellants, v NEW ROCHELLE MUNICIPAL HOUSING AUTHORITY et al., Respondents. [922 NYS2d 518]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered February 4, 2010, as denied those branches of their motion which were to compel the depositions of named employees of the defendant New Rochelle Municipal Housing Authority, and to compel the defendants to respond to a notice to produce documents in compliance with subpoenas served upon physicians and psychologists who conducted independent medical examinations of the plaintiff Francesco Giordano on behalf of the defendants, and granted those branches of the cross motion of the defendant New Rochelle Municipal Housing Authority which were for a protective order preventing the depositions of any additional employee, to quash the subpoenas, and for a protective order preventing discovery of the requested docu-

ments of the physicians and psychologists, and those branches of the separate cross motion of the defendants Almstead Tree and Shrub Care Co. and Almstead Tree Company, Inc., which were to quash the subpoenas and for a protective order preventing discovery of the requested documents of the physicians and psychologists.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was to compel the depositions of named employees of the New Rochelle Municipal Housing Authority, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendant New Rochelle Municipal Housing Authority which was for a protective order preventing the depositions of any additional employee, and substituting therefor a provision denying that branch of the cross motion of that defendant; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Francesco Giordano, a police officer (hereinafter the injured plaintiff), was allegedly injured when a tree fell on the police vehicle in which he was sitting at property owned, operated, and maintained by the defendant New Rochelle Municipal Housing Authority (hereinafter NRMHA). The injured plaintiff and his wife, suing derivatively, commenced this action against NRMHA, as well as against Almstead Tree and Shrub Care Co. and Almstead Tree Company, Inc. (hereinafter together Almstead), which allegedly inspected the grounds of the property approximately six months before the tree fell.

The plaintiffs moved to compel the depositions of certain employees of NRMHA, and to compel all of the defendants to respond to a notice to produce documents in compliance with subpoenas served upon physicians who conducted independent medical examinations of the injured plaintiff on behalf of the defendants. NRMHA cross-moved for a protective order preventing the depositions of any additional employee, to quash the subpoenas, and for a protective order preventing discovery of the documents of the physicians and psychologists. Almstead separately cross-moved to quash the subpoenas and for a protective order preventing discovery of the physicians' and psychologists' documents.

The CPLR provides "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101 [a]). The phrase "material and necessary" should be interpreted

liberally, and the test is one of "usefulness and reason" (*Kooper v Kooper*, 74 AD3d 6, 10 [2010] [internal quotation marks omitted]). Unlimited disclosure, however, is not required (*see Spohn-Konen v Town of Brookhaven*, 74 AD3d 1049 [2010]; *Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460, 461 [2002]), and the rules provide that the Supreme Court may issue a protective order "denying, limiting, conditioning or regulating the use of any disclosure device" to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]).

For purposes of depositions, a corporate entity has the right to designate, in the first instance, the representative who shall be examined (*see Nunez v Chase Manhattan Bank*, 71 AD3d 967, 968 [2010]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803 [2008]). To show that additional depositions are warranted, the moving party must demonstrate that "the representatives already deposed had insufficient knowledge, or were otherwise inadequate," and that "there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (*Nunez v Chase Manhattan Bank*, 71 AD3d at 968; *see Carter v New York City Bd. of Educ.*, 225 AD2d 512 [1996]; *Zollner v City of New York*, 204 AD2d 626, 627 [1994]). Whether NRMHA had actual or constructive knowledge of a defect in the tree prior to the accident is material and relevant to the issue of liability in this case (*see Harris v Village of E. Hills*, 41 NY2d 446, 449 [1977]; *Crawford v Forest Hills Gardens*, 34 AD3d 415, 415-416 [2006]; *Asnip v State of New York*, 300 AD2d 328, 329 [2002]).

The previous depositions established that the employees produced by NRMHA lacked sufficient knowledge of the prior condition of the tree. Thus, they were insufficiently knowledgeable with respect to whether NRMHA had actual or constructive notice of a defective condition of the tree. Moreover, the previous depositions established that there was a substantial likelihood that the additional witnesses sought by the plaintiffs were in a position to offer material and necessary information on the issue of whether or not the tree had visible signs of decay prior to the accident, and whether NRMHA had actual or constructive notice of the defective condition of the tree prior to the injured plaintiff's accident. Accordingly, under the particular facts of this case, the Supreme Court's denial of the plaintiffs' request to compel NRMHA to produce the named employees for deposition, and its grant of NRMHA's request for a protective order preventing the deposition of any additional em-

ployee, were improvident exercises of discretion (*see Aronson v Im*, 81 AD3d 577 [2011]; *White v Tutor Time*, 71 AD3d 761, 761-762 [2010]).

However, the Supreme Court properly denied those branches of the plaintiffs' motion which were to compel the defendants to respond to a notice to produce documents in compliance with subpoenas served upon the defendants' examining physicians and psychologists, and properly granted those branches of the defendants' separate cross motions which were to quash the subpoenas and for a protective order preventing discovery of documents of the subpoenaed physicians and psychologists. The plaintiffs served subpoenas duces tecum on the defendants' examining physicians and psychologists, seeking, inter alia, the medical records relied on by the defendants' experts, copies of the injured plaintiff's records which were reviewed by the defendants' experts, writings and other recordings created by the injured plaintiff at or during his examinations, test results, scored results, measurements, any scales or other documents necessary to interpret the results of the defendants' experts, and notes of the examining physicians. The Supreme Court correctly determined that the information subpoenaed was not discoverable because it was privileged as material prepared for litigation, and the plaintiffs failed to demonstrate that they had a substantial need for the materials, or that they were unable, without undue hardship, to obtain the substantial equivalent of the materials by other means (*see* CPLR 3101 [d] [2]; *see also Daniels v Armstrong*, 42 AD3d 558, 558-559 [2007]; *Martinez v KSM Holding*, 294 AD2d 111 [2002]). Dillon, J.P., Florio, Balkin and Eng, JJ., concur.