Steinberg v Bais Yaakov Council, Inc. (2025 NY Slip Op 02366)

Steinberg v Bais Yaakov Council, Inc.

2025 NY Slip Op 02366

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-00943
 (Index No. 516061/17)

[*1]Rivkah Steinberg, etc., et al., appellants,
v
Bais Yaakov Council, Inc., et al., respondents.

Ephrem J. Wertenteil, New York, NY, for appellants.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 2, 2022. The order denied the plaintiffs' motion to compel the defendants to produce two additional witnesses for depositions, and granted the defendants' cross-motion pursuant to CPLR 3103(a) for a protective order precluding the depositions of those witnesses.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by adding thereto a provision stating that the denial of the plaintiffs' motion to compel the defendants to produce two additional witnesses for depositions is without prejudice to renewal upon demonstrating compliance with 22 NYCRR 202.20-f, and (2) by deleting the provision thereof granting the defendants' cross-motion pursuant to CPLR 3103(a) for a protective order precluding the depositions of those witnesses, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs commenced this action to recover damages for personal injuries the plaintiff Rivkah Steinberg allegedly sustained during a bicycle riding activity on August 19, 2015, while she attended the defendants' summer camp. The parties conducted depositions, after which the plaintiffs' attorney sent a letter dated November 22, 2021, to the defendants' attorney requesting the production of two additional witnesses, Esther Pernikoff, a nurse at the summer camp, and Chaya Newhause, Chairwoman of the Board of Directors of the defendant Bais Yaakov Council, Inc. On December 23, 2021, the plaintiffs' attorney sent an email to the defendants' attorney inquiring whether the defendants would produce Pernikoff and Newhause for depositions. On January 19, 2022, the defendants' attorney declined the plaintiffs' request.
In November 2022, the plaintiffs moved to compel the defendants to produce Pernikoff and Newhause for depositions. The defendants cross-moved pursuant to CPLR 3103(a) for a protective order precluding the depositions of Pernikoff and Newhause. In an order dated December 2, 2022, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross-motion. The plaintiffs appeal. We modify.
"To the maximum extent possible, discovery disputes should be resolved through [*2]informal procedures, such as conferences, as opposed to motion practice" (22 NYCRR 202.20-f[a]). "[P]rior to contacting the court regarding a disclosure dispute, counsel must first consult with one another in a good faith effort to resolve all disputes about disclosure" (id. § 202.20-f[b]). "Such consultation must take place by an in-person or telephonic conference" (id.). A discovery motion "must be accompanied by an affirmation from moving counsel attesting to a good faith effort to resolve the issues raised in the motion" (Muchnik v Mendez Trucking, Inc., 212 AD3d 640, 641; see 22 NYCRR 202.7[a], [c]; 202.20-f[b]). Pursuant to 22 NYCRR 202.20-f(c), the failure to comply "may result in the denial of a discovery motion, without prejudice to renewal once the provisions of this rule have been complied with."
Here, the Supreme Court properly denied the plaintiffs' motion to compel the defendants to produce Pernikoff and Newhause for depositions based on the plaintiffs' failure to substantively comply with the requirements of 22 NYCRR 202.7 and 202.20-f. In his affirmation, the plaintiffs' attorney failed to attest that he conducted an in-person or telephonic conference to resolve the disputed discovery in compliance with 22 NYCRR 202.20-f(b) (see Muchnik v Mendez Trucking, Inc., 212 AD3d at 641; Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 843).
Accordingly, the Supreme Court properly denied the plaintiffs' motion to compel the defendants to produce Pernikoff and Newhause for depositions. However, such denial should have been without prejudice to renewal once the provisions of 22 NYCRR 202.20-f have been complied with (see id. §§ 202.7; 202.20-f[c]; Bayview Loan Servicing, LLC v Evanson, 230 AD3d 1091; Behar v Wiblishauser, 219 AD3d 793, 795).
"There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101[a]). "Unlimited disclosure, however, is not required, and the rules provide that the Supreme Court may issue a protective order 'denying, limiting, conditioning or regulating the use of any disclosure device' to 'prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts'" (Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 731 [citations omitted], quoting CPLR 3103[a]; see Espinoza v Tejeda, 228 AD3d 623, 625).
"For purposes of depositions, a corporate entity has the right to designate, in the first instance, the employee who shall be examined" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 638, 639; see Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d at 731). "'A party seeking additional depositions has the burden of demonstrating (1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case'" (Teodoro v C.W. Brown, Inc., 200 AD3d 997, 998 [internal quotation marks omitted], quoting Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 639; see Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d at 731).
Here, the Supreme Court improvidently exercised its discretion in granting the defendants' cross-motion pursuant to CPLR 3103(a) for a protective order precluding the depositions of Pernikoff and Newhause. The plaintiffs demonstrated that the representatives already produced by the defendants for depositions did not have sufficient knowledge about the incident giving rise to the complaint (see Grandelli v Hope St. Holdings, LLC, 185 AD3d at 555; Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729). Moreover, the plaintiffs established that there is a substantial likelihood that Pernikoff and Newhause may possess information that is material and necessary on the issues of how the incident occurred and the cause of the alleged injuries (see Grandelli v Hope St. Holdings, LLC, 185 AD3d at 555; Monti v Shaw, 183 AD3d 722, 723; Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729).
Furthermore, the defendants failed to make the requisite showing pursuant to CPLR 3103(a) to warrant the issuance of a protective order with regard to the depositions of Pernikoff and Newhause (see Nunez v Peikarian, 208 AD3d 670, 672; Venables v Rovegno, 195 AD3d 876; C.B.v Park Ave. Pub. Sch., 172 AD3d 980, 981).
Accordingly, the Supreme Court should have denied the defendants' cross-motion pursuant to CPLR 3103(a) for a protective order precluding the depositions of Pernikoff and Newhause.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court