| |
|---|
| **Jones v Columbia Univ.** |
| 2025 NY Slip Op 31667(U) |
| May 7, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155039/2019 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**
*Justice*

|  |  |  |
|---|---|---|
| PART | | 14 |

-------------------------------------------------------------------------------X

KAURICE JONES,

Plaintiff,

- v -

COLUMBIA UNIVERSITY, TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK, ACC
CONSTRUCTION CORPORATION,

Defendant.

-------------------------------------------------------------------------------X

COLUMBIA UNIVERSITY, TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK, ACC
CONSTRUCTION CORPORATION

Plaintiff,

-against-

CARDOZA PLUMBING CORP.

Defendant.

-------------------------------------------------------------------------------X

COLUMBIA UNIVERSITY, TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK, ACC
CONSTRUCTION CORPORATION

Plaintiff,

-against-

CORD CONTRACTING CO. INC.

Defendant.

-------------------------------------------------------------------------------X

**INDEX NO.** 155039/2019

**MOTION DATE** 05/05/2025

**MOTION SEQ. NO.** 004

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 596158/2019

Second Third-Party
Index No. 595201/2023

The following e-filed documents, listed by NYSCEF document number (Motion 004) 123, 124, 125, 126,
127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 145, 146, 147, 148, 150, 151

were read on this motion to/for                DISCOVERY                .

**155039/2019   JONES, KAURICE vs. COLUMBIA UNIVERSITY**
**Motion No.  004**

**Page 1 of 4**

1 of 4

Third-party defendant Cord Contracting Co. Inc., ("Cord")'s motion to compel the deposition of a particular witness and for a so-ordered subpoena with respect to another witness is decided as described below.

**Background**

In this Labor Law action, plaintiff alleges that he fell through a hole in the floor on a construction site. Cord seeks to compel third-party plaintiff ACC Construction Corporation ("ACC"), the general contractor, to produce its employee, Francisco Aguilar, for a deposition. The building was owned by defendant Columbia University.

Cord claims that Mr. Aguilar was one of two laborers who cut the hole that caused plaintiff's accident. It insists that Mr. Aguilar is still employed by ACC and therefore should be compelled to appear for a deposition. Cord argues that the witness ACC produced (an individual within ACC's corporate department) did not have firsthand knowledge about the facts and circumstances surrounding the accident. Cord also claimed it served a subpoena on the other laborer (Mr. Guerin) who is no longer employed by ACC and that he has not responded.

Cord claims it wants to explore the timing of when the hole was cut and whether ACC claims it notified Cord about this work; Cord argues that these witnesses may have actual knowledge about these issues.

In opposition, defendants, including ACC, contend that they already produced the site safety superintendent and no other depositions are required. Defendants claim that the accident happened as plaintiff was on his way to a restroom when the flooring allegedly collapsed and he fell to the floor below. They insist that there is an issue regarding whether plaintiff was partially on a ladder at the time of the accident and whether the floor in the immediate vicinity of the hole

**155039/2019   JONES, KAURICE vs. COLUMBIA UNIVERSITY**
**Motion No.  004**

**Page 2 of 4**

2 of 4

[* 2]

collapsed before he reached the ladder. Defendants maintain that there were no witnesses to plaintiff's accident.

They observe that they impleaded Cord (ACC's carpenter subcontractor) because Cord was purportedly required to brace these holes that ACC created. Defendants argue that their witness (Mr. Clausen[1]) had more than sufficient knowledge about the issues raised in this case and they claim that no other party in this lawsuit has sought Mr. Aguilar's deposition. Defendants maintain that there is no evidence that Mr. Aguilar stayed near this hole after he cut it and placed plywood over it.

In reply, Cord emphasizes that Mr. Clausen could not opine about the timing of the hole cutting that morning. They point out that when they asked him when the hole was cut in relation to plaintiff's accident, Mr. Clausen claimed he did not know.

**Discussion**

"While a corporate entity has the right to designate, in the first instance, the employee who shall be examined a further deposition may be allowed where it is demonstrated that the employee who had already been deposed had insufficient knowledge, or was otherwise inadequate, and that the employee proposed to be deposed can offer information that is material and necessary to the prosecution of the case" (*Aronson v Im*, 81 AD3d 577, 577, 915 NYS2d 639 [2d Dept 2011] [citations omitted]).

The Court grants the motion to the extent that ACC must produce Mr. Aguilar for a deposition. The Court observes that, clearly, the deposition of a witness who cut the hole that is at issue in this case is likely to produce material and necessary information. Although Mr.

---

[1] Defendants alternate between spelling this witness' name as Clausen and Clauson. The Court assumes it is spelled Clausen as that is the spelling in the deposition transcript (NYSCEF Doc. No. 146).

**155039/2019   JONES, KAURICE vs. COLUMBIA UNIVERSITY**
**Motion No.  004**

**Page 3 of 4**

3 of 4

Clausen was knowledgeable about many issues, he does not have the personal firsthand knowledge that Mr. Aguilar may be able to provide. To be clear, it may be that Mr. Aguilar is unable to offer additional insight about the cutting of the hole but Cord is entitled to question him about it. The fact is that this state has a "strong policy supporting open disclosure" (*Forman v Henkin*, 30 NY3d 656, 662 [2018]). And the Court finds that this deposition is not a fishing expedition or part of some harassment effort. There is no dispute on this record that Mr. Aguilar cut the hole that plaintiff fell through.

However, the Court declines to issue a subpoena for the deposition of the non-party witness Mr. Guerin. The fact is that CPLR 2308 provides a procedure for when a party fails to comply with a subpoena (assuming the party was properly served). That procedure does not contemplate the Court issuing its own subpoena; in fact, an attorney is entitled to issue a subpoena and then make the proper application should the person fail to comply.

Accordingly it is hereby

ORDERED that third-party defendant Cord's motion is granted to the extent that defendants must produce Mr. Aguilar for a deposition on or before June 12, 2025.

See NYSCEF Doc. No. 142 regarding the next conference.

_____5/7/2025_____
**DATE**

_____
**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155039/2019   JONES, KAURICE vs. COLUMBIA UNIVERSITY**
**Motion No.  004**

**Page 4 of 4**

4 of 4