Navarrete v First Steps Trans., Inc. (2025 NY Slip Op 06614)

Navarrete v First Steps Trans., Inc.

2025 NY Slip Op 06614

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-03157 
2022-10624
 (Index No. 703209/19)

[*1]Maria Magdalena Navarrete, etc., appellant,
v
First Steps Trans., Inc., et al., respondents.

Wisell & McGee, LLP, Kew Gardens, NY (Nancy M. McGee of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 24, 2022, and (2) an amended order of the same court entered May 3, 2022. The order and the amended order, insofar as appealed from, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3103 for a protective order striking the plaintiff's post-deposition discovery demands and denied the plaintiff's cross-motion pursuant to CPLR 3124 to compel the depositions of additional witnesses.
ORDERED that the appeal from the order is dismissed, as the order was superseded by the amended order; and it is further,
ORDERED that the amended order is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the defendants' motion which was pursuant to CPLR 3103 for a protective order striking the plaintiff's post-deposition discovery demands is denied and the plaintiff's cross-motion pursuant to CPLR 3124 to compel the depositions of additional witnesses is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In August 2018, the plaintiff, as parent and natural guardian of the infant K.M.N., commenced this action against the defendants, alleging that the infant was improperly left on a school bus operated by the defendant First Steps Trans., Inc. (hereinafter First Steps). First Steps operated the school bus through a contract with the defendant Department of Education of the City of New York (hereinafter the DOE). The complaint alleged that although the infant's individualized education plan limited her time on a school bus to 60 minutes, she was abandoned and left on a school bus for more than 3½ hours, causing her serious emotional and physical injuries.
In December 2021, the DOE produced for a deposition an individual from its Office of Pupil Transportation Services. Following that deposition, the plaintiff filed certain post-deposition discovery demands. Throughout discovery, the plaintiff had sought the deposition of the infant's teacher on the day of the incident. In February 2022, the defendants moved pursuant to CPLR 3103 for a protective order precluding the deposition of the infant's teacher and striking the [*2]plaintiff's post-deposition discovery demands. The plaintiff cross-moved pursuant to CPLR 3124 to compel the depositions of additional witnesses. In an amended order entered May 3, 2022, the Supreme Court, inter alia, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3103 for a protective order striking the plaintiff's post-deposition discovery demands and denied the plaintiff's cross-motion pursuant to CPLR 3124 to compel the depositions of additional witnesses. The plaintiff appeals.
Generally, there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action (see id. § 3101[a]). "'[T]he words, "material and necessary", are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Forman v Henkin, 30 NY3d 656, 661, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "'However, a party is not entitled to unlimited, uncontrolled, unfettered disclosure'" (Smith-Percival v MTA Bus Co., 232 AD3d 928, 929, quoting C.B. v New York City Tr. Auth., 219 AD3d 1397, 1398). "The essential test is usefulness and reason" (Rrengo v New York City Tr. Auth., 204 AD3d 1049, 1050 [internal quotation marks omitted]; see Allen v Crowell-Collier Publ. Co., 21 NY2d at 406). The party seeking disclosure must "'demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims, and unsubstantiated bare allegations of relevancy are insufficient to establish the factual predicate regarding relevancy'" (Smith-Percival v MTA Bus Co., 232 AD3d at 929, quoting Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 496).
"'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court'" (Holloway v Orthodox Church in Am., 232 AD3d 773, 774, quoting Pulgarin v Richmond, 219 AD3d 1356, 1358). However, "this Court is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Harris v Christian Church of Canarsie, Inc., 147 AD3d 818, 818; see Pulgarin v Richmond, 219 AD3d at 1358).
Here, the plaintiff's post-deposition discovery demands were material and necessary in the prosecution of the action (see e.g. Smith-Percival v MTA Bus Co., 232 AD3d at 929-930; C.B. v New York City Tr. Auth., 219 AD3d at 1399). Contrary to the Supreme Court's determination, the plaintiff's post-deposition discovery demands did not merely seek leave "to reargue this further discovery request which was denied by an Order issued by this Court on January 5, 2021," but rather sought new information following the deposition of an individual from the DOE's Office of Pupil Transportation Services. Accordingly, the court improvidently exercised its discretion by, in effect, granting that branch of the defendants' motion which was pursuant to CPLR 3103 for a protective order striking the plaintiff's post-deposition discovery demands.
"For purposes of depositions, a corporate entity has the right to designate, in the first instance, the representative who shall be examined" (Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d 729, 731; see Teodoro v C.W. Brown, Inc., 200 AD3d 997, 998). "In order to show that an additional deposition is warranted, the movant must demonstrate that (1) the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case" (Nunez v Chase Manhattan Bank, 71 AD3d 967, 968; see Teodoro v C.W. Brown, Inc., 200 AD3d at 998).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 3124 to compel the depositions of additional witnesses. The plaintiff demonstrated that the witness who testified on behalf of the DOE had insufficient knowledge or was otherwise inadequate and that there was a substantial likelihood that the additional witnesses whom the plaintiff sought to depose possessed information that is material and necessary to the prosecution of the case (see id. § 3101[a]; Cea v Zimmerman, 142 AD3d 941, 944; Giordano v New Rochelle Mun. Hous. Auth., 84 AD3d at 731-732).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 3124 to compel the depositions of additional witnesses.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court